IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:15-CR-080 |
| Plaintiff, | : | Case No. 2:14-CR-127 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| ROBERT B. LEDBETTER, *et al.* | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter comes before the Court on Defendants' motions to dismiss various charges due to a purported lack of subject-matter jurisdiction.[1] Defendants argue that the Government has overstepped its bounds by prosecuting purely local, street-level crimes under *federal* statutes without a sufficient showing that the crimes affected interstate commerce. Defendants contend that their prosecution exceeds the federal government's power under the Commerce Clause and thus deprives this Court of jurisdiction. Defendants, however, have miscast their argument. Whether the Government can prove the necessary interstate commerce nexus for the crimes alleged goes to the sufficiency of the Government's evidence at trial—not to this Court's power to hear the case. Accordingly, the Court **DENIES** Defendants' motions to dismiss.

---

[1] Tysin L. Gordon (Doc. 683), Deounte Ussury (Doc. 502), DeShawn M. Smith (Doc. 489), and Clifford L. Robinson (Docs. 226 and 387), collectively moved to dismiss Counts One, Five, Six, Seven, Eight, Eleven, Thirteen, and Fourteen from the Superseding Indictment for their role in the alleged RICO conspiracy (Count One), the 2007 murder of Donathan Moon (Counts Five and Six), the 2007 murder of Marcus Peters (Counts Seven and Eight), the 2007 murder of Dante Hill (Count Eleven), and the 2008 murder of Shane McCuen (Counts Thirteen and Fourteen). The Government opposed Defendants' motions. (Docs. 245, 440, 517, and 518).

In the interest of judicial efficiency, Robert B. Ledbetter (Doc. 499), Allen L. Wright (Doc. 501), Christopher A. Harris (Docs. 258 and 498), Freddie K. Johnson (Doc. 503), Lance Reynolds (Doc. 689), and Christopher V. Wharton (Doc. 530), moved to join their co-defendants' pleadings. The Court previously granted these motions to join with respect to Ledbetter and Wright (*see* Doc. 682), and hereby grants the motions to join from Harris, Johnson, Reynolds, and Wharton as well. The Court will construe these motions in like manner with respect to the issue of subject-matter jurisdiction.

## I. BACKGROUND

On June 23, 2014, a federal grand jury returned a twenty-five count Indictment in Case Number 2:14-cr-127, charging seventeen defendants with a number of violations under federal law connected to the defendants' alleged involvement in the Short North Posse, an alleged criminal organization in the Short North area of Columbus, Ohio. (Doc. 14). The first count in the Indictment alleged the existence of a RICO conspiracy from 2005 until 2014, in which members and affiliates of the Short North Posse committed murder, attempted murder and robbery, distributed and possessed with the intent to distribute controlled substances, tampered with witnesses, and committed acts of extortion, robbery, and retaliation against witnesses. The remaining counts included eleven counts of murder in aid of racketeering, one count of murder through the use of a firearm during and in relation to a crime of violence, four counts of murder through the use of a firearm during and in relation to a drug trafficking crime, one count of conspiracy to murder a witness, one count of use of a firearm during and in relation to a crime of violence, four counts of being a felon in possession of a firearm, one count of possession with intent to distribute cocaine, and one count of possession with intent to distribute heroin.

On October 20, 2014, the grand jury returned a Superseding Indictment adding three new defendants and thirteen counts, bringing the total to twenty defendants and thirty-eight counts. (Doc. 300). These thirteen new counts included one count of attempted possession with intent to distribute cocaine, five counts of use of a firearm during and in relation to a drug trafficking crime, murder in aid of racketeering, four counts of possession with the intent to distribute marijuana, one count of attempted possession with intent to distribute marijuana, and one count of witness tampering. The three new defendants were Andre M. Brown, Johnathan Holt, and Christopher V. Wharton.

On April 2, 2015, the grand jury returned another Indictment that was later assigned as a separate case—Case Number 2:15-cr-080.  The 2015 Indictment named four defendants (Robert B. Ledbetter, Christopher A. Harris, Rashad A. Liston, and Deounte Ussury), all of whom were charged previously in the Superseding Indictment in Case Number 2:14-cr-127.  The 2015 Indictment also included two new counts: one for murder in aid of racketeering and one for murder through the use of a firearm during and in relation to a drug trafficking crime—both related to the murder of Marschell Brumfield, Jr. in 2007.  Due to the similarity of the charges in both cases and the fact that all four defendants also were charged in Count One of the Superseding Indictment for their role in the RICO conspiracy, this Court joined Case Number 2:15-cr-080 with Case Number 2:14-cr-127 under Federal Rule of Criminal Procedure 13. (Doc. 595).

In total, fourteen defendants are charged in the RICO conspiracy count, which includes 112 overt acts allegedly committed in furtherance of the conspiracy.  The Government, moreover, has reserved the right to adduce evidence of any overt act about which it has evidence, regardless of whether the Superseding Indictment specifically identifies that overt act.  The six defendants who do not face the conspiracy charge are all charged with at least one count of murder in aid of racketeering relating to their membership and/or association with the Short North Posse, among other charges.  Under the Superseding Indictment in Case Number 2:14-cr-127 and the 2015 Indictment in Case Number 2:15-cr-080, the defendants collectively face a total of forty counts.  Although fourteen defendants initially faced a potential capital prosecution, the Government recently informed the Court and the defendants of its intent not to seek the death penalty for any of the defendants.  (Doc. 563).

Defendants argue that several charges lack a sufficient nexus to interstate commerce and thus deprive this Court of subject-matter jurisdiction. Specifically, Defendants challenge the Court's ability to adjudicate the following charges: RICO conspiracy under 18 U.S.C. § 1962(d); murder in aid of racketeering under 18 U.S.C. § 1959(a)(1); and murder through the use of a firearm during and in relation to a crime of violence *or* during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c) and (j). Defendants expressly disclaim making a *facial* challenge to the constitutionality of these statutes. Instead, Defendants challenge the constitutionality of the statutes as applied in the instant prosecution. Defendants argue that the crimes alleged, while "violent and meaningless," are nevertheless "local" crimes, whose prosecution belongs in state court. (*See, e.g.*, Doc. 226).

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2).[2] Rule 12(b)(1) circumscribes this power, however, by limiting the pretrial defenses a party may raise to those "the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). Courts can resolve motions to dismiss without a trial if they "involve[] questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 106 F.3d 1123, 1126 (6th Cir. 1997). In other words, courts may rule on a pretrial motion to dismiss, and may make preliminary factual findings necessary to decide questions of law raised therein, so long as the court's conclusions "do not invade the province of the jury." *Id.*

---

[2] An amendment to Rule 12 became effective on December 1, 2014, while this case was pending. The Supreme Court's order adopting this amendment states that the amendment "shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Because the amendment's drafters indicated that "[n]o change in meaning is intended" between the former and current versions of Rule 12(b)(1) and (2), this Court will apply Rule 12(b) as amended. *See* Fed. R. Crim. P. 12 advisory committee notes to 2014 Amendments.

Against this procedural backdrop, it is well settled that defendants cannot base a pretrial motion to dismiss on a sufficiency-of-the-evidence argument because such a motion raises factual questions best left for the jury. *See, e.g.*, *United States v. Levin*, 973 F.2d 463, 468 & n.2 (6th Cir. 1992) ("[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence [before the grand jury], as observed by the dissent." (quotation omitted)); *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("Unless there is a stipulated record . . . a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."); *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973) ("There is no authority under Rule 12, however, to dismiss on the basis of a sufficiency-of-the-evidence defense . . . ."). Hence, "if a defendant's pretrial motion requires the court to find facts that make up the elements of the case which would normally be reserved to the jury . . . the motion should be denied." *United States v. Cumberland Wood & Chair Corp.*, Nos. 91-6058 to 91-6060, 978 F.2d 1259, 1992 WL 317175, at *3 (6th Cir. 1992) (unpublished table decision).

### III. ANALYSIS

Defendants argue that a trio of Supreme Court decisions delineating the reach of the Commerce Clause forecloses their prosecution in federal court because the charges they face lack a sufficient nexus to interstate commerce. (*E.g.*, Doc. 226 (citing *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000))). Defendants argue that these cases require a showing that the crimes alleged "had a substantial effect on interstate commerce." (*Id.*) Defendants further contend that absent such a showing, which "simply cannot be made," this Court lacks subject-matter jurisdiction over their prosecution. (*Id.*)

Although Defendants frame their argument as a threshold jurisdictional challenge, which the Court properly can resolve on a pretrial motion to dismiss—Defendants actually attack the sufficiency of the Government's evidence, which the jury ultimately must decide. *See United States v. Riddle*, 249 F.3d 529, 535 (6th Cir. 2001) ("Defendants err in asserting that the interstate commerce argument goes to the court's subject matter jurisdiction."). While courts frequently refer to the interstate commerce nexus as a "jurisdictional" element, this requirement "does not affect subject matter jurisdiction [and] the court's power to hear a case." *Id.* at 536. Instead, "a claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case" and therefore goes to the sufficiency of the evidence. *Id*

### A. *Most* of the Challenged Statutes Explicitly Require a Nexus to Interstate Commerce.

Defendants properly characterize the contours of dual sovereignty within the United States. "Under our federal system, the States possess primary authority for defining and enforcing the criminal law." *Lopez*, 514 U.S. at 551 n.3 (quotation omitted). That the States possess *primary* authority for defining and enforcing the criminal law does not mean that the States possess *plenary* authority over this domain. Federal authority to regulate criminal activity springs from Article I, § 8, Clause 3 of the Constitution, which provides that Congress has the power "to regulate Commerce with foreign Nations and among the several States, and with the Indian Tribes." Under the Commerce Clause, Congress has authority to regulate three broad aspects of commercial activity: "First, Congress can regulate the channels of interstate commerce. Second, Congress has authority to regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce. Third, Congress has the power to regulate activities that substantially affect interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 16-17 (2005) (citations omitted); *see also Lopez*, 514 U.S. at 558-59.

Consistent with this dual system of governance and Congress's power to regulate criminal activity under the Commerce Clause, *most* of the crimes alleged in the Superseding Indictment explicitly require the Government to prove some nexus to interstate commerce. These statutory requirements ensure, "through case-by-case inquiry," that the crimes in question bear a sufficient relationship to interstate commerce to warrant federal prosecution.  *See Lopez*, 514 U.S. at 561-62.  Even where the crimes alleged do not explicitly require the Government to prove a nexus to interstate commerce, the underlying offenses on which those crimes are based either carry their own commerce nexus requirement (as in the Hobbs Act, 18 U.S.C. § 1951(a)) or, with respect to drug trafficking offenses, "always implicate[] interstate commercial concerns" such that no independent nexus is required.  *See United States v. Tucker*, 90 F.3d 1135, 1142 (6th Cir. 1996); *see also United States v. Hohn*, 293 F. App'x 395, 399 n.3 (6th Cir. 2008) (holding that "actual effect that each drug conspiracy has on interstate commerce" is irrelevant).

For example, under Count One from the Superseding Indictment (RICO conspiracy), the Government must prove that Defendants "conspire[d] to violate" one of three substantive RICO provisions.  18 U.S.C. § 1962(d).  Each of those substantive provisions, in turn, requires the Government to prove the existence of an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  *Id.* § 1962(a)-(c).  The degree or magnitude of the effect on interstate commerce necessary to satisfy this requirement depends on whether the enterprise itself (the Short North Posse) engaged in "economic activity."  *Waucaush v. United States*, 380 F.3d 251, 255-56 (6th Cir. 2004).  Where, as alleged here, the enterprise itself engaged in economic activity (like drug trafficking, extortion, or intrastate acts of violence that furthered the economic enterprise), the Government need only show that the enterprise's activities "had a minimal effect on commerce."  *Id.* (collecting cases).

7

Likewise, under the murder in aid of racketeering counts, the Government must prove that Defendants committed murder in exchange for payment (anticipated or actual) or for the purpose of gaining entrance to, or maintaining or increasing their position within, an "enterprise engaged in racketeering activity." *See* 18 U.S.C. § 1959(a); *Riddle*, 249 F.3d at 538. The governing statute defines an "enterprise" as any entity "which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b)(2). This provision thus requires a commercial nexus, much like the RICO statute. *See Riddle*, 249 F.3d at 538. The statute does not require, however, that the murders themselves bear a connection to interstate commerce beyond their relationship to the alleged RICO enterprise. *Id.*; *see also United States v. Crenshaw*, 359 F.3d 977, 992 (8th Cir. 2004) ("[Section 1959] only requires that the enterprise be engaged in or affect interstate commerce, not that the murder must do so."). Accordingly, the Government need only establish "a connection between the § 1959 [murders] and a RICO enterprise which has a de minimis interstate commerce connection." *Riddle*, 249 F.3d at 538.

Finally, the statutes prohibiting murder through the use of a firearm during and in relation to a crime of violence or a drug trafficking crime do not *explicitly* require a nexus to interstate commerce. *See* 18 U.S.C. § 924(c)(1), (j). Nevertheless, because these firearm offenses are not "free-standing statutes," *United States v. Ricketts*, 317 F.3d 540, 543 (6th Cir. 2003), but, rather, depend for their existence on an underlying crime "for which the person may be prosecuted in [federal court]," 18 U.S.C. § 924(c)(1), they find their interstate commerce nexus elsewhere. *See, e.g.*, *United States v. Mays*, 285 F. App'x 269, 272 (6th Cir. 2008) (collecting cases) ("Because the underlying federal laws are sufficiently connected to interstate commerce, there is no Commerce Clause problem with the § 924(o) conviction [which incorporates § 924(c)]"); *United States v. Brown*, 72 F.3d 96, 97 (8th Cir. 1995) (same).

8

In this case, the firearm murder allegedly committed during a crime of violence is predicated on a Hobbs Act robbery. (*See* Doc. 300, Count Six). The Hobbs Act, in turn, explicitly requires a commercial nexus. 18 U.S.C. § 1951(a); *see also United States v. Davis*, 473 F.3d 680, 682-83 & n.2 (6th Cir. 2007) (describing the commercial nexus requirements for Hobbs Act violations directed at businesses and individual victims, respectively). As such, the Government must prove that the robbery alleged in Count Six bore either a de minimis effect on interstate commerce (if the robbery targeted a business) or a substantial effect on interstate commerce (if the robbery targeted an individual). *Davis*, 473 F.3d at 683 n.2.

The firearm murders allegedly committed during drug trafficking crimes stand somewhat apart in that the underlying drug-offense statutes, 21 U.S.C. §§ 841 and 846, do not explicitly require a commercial nexus. *See, e.g.*, *United States v. Brown*, No. 97-1618, 221 F.3d 1336, 2000 WL 876382, at *13-14 (6th Cir. 2000) (unpublished table decision). This is so because drug trafficking constitutes "an economic enterprise" that "always implicates interstate commercial concerns." *Tucker*, 90 F.3d at 1140-41. Put simply, these statutes satisfy any Commerce Clause concerns even in the absence of an explicit "case-by-case" finding that the regulated activity (drug trafficking) bears a sufficient connection to interstate commerce. *Id.* at 1141; *see also, e.g.*, *United States v. Collier*, 246 F. App'x 321, 337 (6th Cir. 2007) (holding that 21 U.S.C. § 841(a)(1) does not violate the Commerce Clause, on its face or as applied, because § 841 (a)(1) "addresses a clearly commercial activity that has long been within federal power to regulate" (quotation omitted)); *Hohn*, 293 F. App'x at 399 n.3; *United States v. Marco*, 252 F. App'x 70, 76 (6th Cir. 2007); *Brown*, 72 F.3d at 96-97. Accordingly, the Government need not expressly plead or prove an independent interstate commerce nexus to prosecute the counts alleging firearm murders during and in relation to drug trafficking crimes.

9

### B.  The Interstate Commerce Nexus is Non-Jurisdictional.

As discussed, most of the challenged counts require the Government to plead and prove a sufficient nexus with interstate commerce.  Although courts commonly refer to this interstate commerce nexus requirement "as a 'jurisdictional element,' the failure of the government to prove a nexus between the crime and interstate commerce is not jurisdictional in a sense that it deprives the district court of subject matter jurisdiction." *United States v. Turner*, 272 F.3d 380, 390 (6th Cir. 2001) (Hobbs Act); *see also Riddle*, 249 F.3d at 535-36 ("[T]he interstate commerce requirement, while referred to as a 'jurisdictional element,' does not affect subject matter jurisdiction.") (RICO, RICO conspiracy, and violence in aid of racketeering statutes).  Instead, "a claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence." *Riddle*, 249 F.3d at 536 (collecting cases).  Defendants err when they suggest that a challenge to the interstate commerce nexus impacts this Court's jurisdiction.  *Id.* at 535.

Indeed, the Sixth Circuit repeatedly has held that, when a criminal defendant challenges the "jurisdictional element" of a federal offense on Commerce Clause grounds, that defendant properly challenges *only* the government's ability to prove a substantive element of the crime alleged—*not* the trial court's power to adjudicate the matter.  *See, e.g.*, *United States v. Jones*, 533 F. App'x 291, 297 n.1 (6th Cir. 2013) (felon-in-possession under 18 U.S.C. § 922(g)(1)); *United States v. Corp.*, 668 F.3d 379, 384 (6th Cir. 2012) (sexual exploitation of a minor under 18 U.S.C. § 2251(a)); *United States v. Studabaker*, 578 F.3d 423, 429 (6th Cir. 2009) (possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B)); *United States v. Martin*, 526 F.3d 926, 933 (6th Cir. 2008) (felon-in-possession under 18 U.S.C. § 922(g)(1)); *United States v. Degan*, 229 F.3d 553, 556 (6th Cir. 2000) (murder-for-hire under 18 U.S.C. § 1958(a)).

Other circuits follow suit in holding that "the commercial nexus element . . . is not 'jurisdictional' in the sense that a failure of proof would divest the federal courts of adjudicatory power over the case." *United States v. Robinson*, 119 F.3d 1205, 1212 n.4 (5th Cir. 1997) (Hobbs Act, 18 U.S.C. § 1959(a)(1)); *see also, e.g.*, *United States v. Castleberry*, 116 F.3d 1384, 1389 (11th Cir. 1997) (indicating that the showing of an effect on interstate commerce is a substantive element of Hobbs Act offenses that the jury must decide); *United States v. Gaydos*, 108 F.3d 505, 509 (3d Cir. 1997) (arson under 18 U.S.C. § 844(i)); *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1997) (same). Thus, "[e]ven if the government fails to establish the connection to interstate commerce, the district court is not deprived of jurisdiction to hear the case." *Martin*, 147 F.3d at 532. Rather, the government simply fails in its burden of proving the commission of a federal crime.

At bottom, Defendants have confused the Government's burden of proving a nexus to interstate commerce with this Court's power to adjudicate the case. In keeping with well-settled law, the Court, therefore, will evaluate Defendants' arguments as an attack on the sufficiency of the Government's evidence. *See Riddle*, 249 F.3d at 536.

**C. Defendants' Challenges are Premature and Therefore Procedurally Improper.**

Defendants' challenges to the sufficiency of the Government's evidence are premature and, thus, procedurally improper under Federal Rule of Criminal Procedure 12(b)(1). Defendants' motions raise factual questions best left for the jury to decide. *See, e.g.*, *Craft*, 105 F.3d at 1126; *United States v. Nukida*, 8 F.3d 665, 671-72 (9th Cir. 1993) ("Inasmuch as [defendant's] arguments . . . challenged the government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense . . . .").

Indeed, district courts within this Circuit routinely confront the same arguments and just as routinely reach the same conclusion: "Defendant[s'] argument that the Government cannot prove the interstate commerce element of the crimes charged is not an appropriate basis for dismissal of those counts of the Indictment prior to trial." *United States v. Vichitvongsa*, No. 3:12-00013, 2013 WL 3877960, at *3 (M.D. Tenn. July 26, 2013) (denying motion to dismiss Hobbs Act counts prior to trial but permitting defendant to renew his argument at trial); *see also United States v. Pollard*, Nos. 3:09-cr-00240-8, -11, and -17, 2012 WL 5511785, at *2 (M.D. Tenn. Nov. 14, 2012) (same for Hobbs Act conspiracy count); *United States v. Jones*, No. 6:09-16-S-DCR, 2009 WL 2972934, at *2 (E.D. Ky. Sept. 11, 2009) (same for RICO count).

Whether Defendants "engaged in activities that affected interstate commerce, and the extent of any such effect," present factual issues for the jury to resolve and thus are "inappropriate for resolution on a motion to dismiss." *Jones*, 2009 WL 2972934, at *2. The proper time, place, and manner for Defendants to raise their arguments are at the close of the Government's case-in-chief, through a Rule 29 Motion for Judgment of Acquittal. *See Nukida*, 8 F.3d at 673 ("The proper way for [defendant] to challenge the sufficiency of the government's evidence pertaining to . . . interstate commerce is a motion for acquittal under Rule 29, presented at the close of the government's case-in-chief."); *Pollard*, 2012 WL 5511785, at *2 (same).

## IV. CONCLUSION

For these reasons, Defendants' motions to dismiss in Case Number 2:14-cr-127 (Docs. 226, 387, 489, 502, and 683) are **DENIED**. Defendants' motions to join in their co-defendants' motions to dismiss (Docs. 258, 498, 499, 501, 503, 530, 689) are **GRANTED but MOOT** to the extent they purportedly challenge the Court's subject-matter jurisdiction.

Because Ledbetter, Harris, and Ussury moved to dismiss on this basis before the Court joined Case Number 2:15-cr-080 to Case Number 2:14-cr-127 on May 26, 2015, the Court construes their motions to apply with equal force to Counts One and Two from the 2015 Indictment in Case Number 2:15-cr-080.  Accordingly, the Court likewise **DENIES** Defendant's motions to dismiss the 2015 Indictment in Case Number 2:15-cr-080 on the basis of a lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

                                              *s/ Algenon L. Marbley*
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED:  August 20, 2015**