UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO.   2:14-CR-127(001) |
| v. | : | JUDGE MARBLEY |
| ROBERT B. LEDBETTER, | : | |
| Defendant. | : | |
| | : | |

_____

**DEFENDANT ROBERT B. LEDBETTER'S SENTENCING MEMORANDUM**
_____

Defendant, Robert B. Ledbetter, hereby submits the following Sentencing Memorandum for this Court's review and consideration.

Sentencing is set for March 17, 2017 at 10:30 A.M.

/s/Jeffrey A. Berndt
Jeffrey A. Berndt (0005172)
Attorney for Defendant
575 South High Street
Columbus, Ohio 43215
(614) 280-9300

**MEMORANDUM IN SUPPORT**

**A. PROCEDURAL HISTORY**

On June 24, 2014, the Grand Jury for the Southern District of Ohio, Eastern Division, returned a 25 Count Indictment charging Robert B. Ledbetter and others as

Defendants.

On October 20, 2014, the Grand Jury for the Southern District of Ohio, Eastern Division returned a 38 Count Superseding Indictment adding additional Defendants and Counts to the June 24, 2014 indictment, the new charges not relating to Defendant Ledbetter.

In Count 1, Defendant Ledbetter was charged with participating, directly and/or indirectly, in racketeering as same as defined in 18 U.S.C. sections 1961 (1) and (5) from 2005 through October 20, 2014 in violation of 18 U.S.C. Section 1962(d) .

Defendant Ledbetter was charged in Count 4 with murdering Alan Johnson on April 16, 2006 in violation of 18 U.S.C. Sections 1959(a) (1) and (2).

Defendant Ledbetter was charged in Count 9 with causing the death of Rodriccos Williams during a robbery and/or burglary on November 3, 2007 in violation of 18 U.S.C. Sections 1959(a)(1) and (2).

Defendant Ledbetter was charged in Count 10 with discharging a firearm in relationship to the drug trafficking crime and, in doing so, killing Rodriccos Williams on November 3, 2007 in violation of 18 U.S.C. Sections 924(c)(j)(1) and (2).

Defendant Ledbetter was charged in Count 29 with the murder of Crystal Fyffe on October 19, 2011 in violation of 18 U.S.C. Sections 1959(a)(1) and (2).

Defendant Ledbetter was charged in Count 30 with conspiring with others to kill Crystal Fyffe to prevent her from providing law enforcement with information relating to the commission of murder and conspiracy to distribute controlled substances on October 19, 2011in violation of 18 U.S.C. Sections 1512(a)(1)(C) and (a)(3)(A)(k).

Defendant Ledbetter was charged in Count 31 with commanding another to

discharge a firearm in relation to a crime of violence, witness tampering, on October 19, 2011 in violation of 18 U.S.C. sections 924(c)(1)(A)(iii)(2).

On April 2, 2015, the Grand Jury for the Southern District of Ohio, Eastern Division returned a Two Count indictment bearing docket number 2:15-CR-080 charging Defendant Ledbetter and others with additional criminal offenses.

This indictment was joined by the Court to case number 2:14-CR-127 on April 10, 2015.

Defendant Robert Ledbetter was charged in Count 1 of said Joined Indictment with participating directly and/or indirectly in racketeering on April 22, 2007 in violation of 18 U.S.C. sections 1959(a) (1) and (2).

Defendant Ledbetter was charged in Count 2 of same Joined Indictment for using, carrying or brandishing a firearm which was discharged during and in relation to a drug trafficking crime and, in doing so, committed the unlawful killing of Marschell Brumfield Jr. on April 22, 2007 in violation of 18 U.S.C sections 924(c)(j)(1)(2).

All indictments included Notice of Special Findings allowing for the potential of a death penalty verdict from the jury.

The request to proceed as a Capital Case was withdraw by the government in April of 2015.

On April 4, 2016, a Jury Trial began before this Honorable Court.

On June 9, 2016, Defendant Robert B. Ledbetter was found guilty of all Counts which he faced, 1, 4, 9, 10, 29, 30 and 31 of 2:14-CR-127 and Joined Counts1 and 2 of 2:15-CR-080.

On June 9, 2016, a presentence investigation was ordered by this Court and

Defendant was remanded to the custody of the United States Marshall Services.

This matter is now scheduled for sentencing on March 17, 2017 at 10:30 A.M. before this Honorable Court.

**B. OBJECTIONS**

For purposes of Sentencing, Defendant Robert Ledbetter objects to the use of any overt acts allegedly committed by same which were not specifically found to be committed by same by the jury both, unanimously as to the overt act committed as well as to the racketeering purpose for which the overt act was committed.

The objection seeks to limit the Court's consideration of Overt Acts, for sentencing purposes, to those set forth in Jury Interrogatories 1,2 and 3 as to Count One of the Superseding Indictment in Case number 14-CR-127.

The only overt acts specifically found to have been committed by Defendant Robert Ledbetter by the Jury are found in Jury Interrogatories to Count 1, Interrogatories 1,2 and 3.

These Interrogatories correspond to conduct alleged against Defendant Ledbetter in Substantive Count 4, Count 9 and Count 29 of the Superseding Indictment in 14-CR-127.

These Interrogatories also correspond to Overt Acts 20, 48 and 84 of Count One of the Superseding Indictment in 14-CR-127.

These Interrogatories do not contain any language which would relate the offenses contained therein to the Racketeering Conspiracy set forth in Count One of the Superseding Indictment.

Further, none of the Interrogatories to Count One, 1-3, make a unanimous finding by the Jury as to the purpose for which these acts were committed, simply finding that the acts were committed by Defendant Robert Ledbetter.

The racketeering statute requires unanimity as to the act and the purpose for which the act was committed in order to be used against a person in the position of Defendant Robert Ledbetter.

As such, Defendant Ledbetter would object to the mandatory life sentence finding based upon a conviction on Count 1 since the Homicides/Overt Acts identified in Interrogatories 1, 2 and 3 do not show that the Jury unanimously agreed on the purpose for which these Overt Acts were committed as alleged in the Superseding Indictment, specifically as consideration for the receipt of and as consideration for a promise or agreement to pay anything of pecuniary value and/or for the purpose of gaining entrance to and maintaining an increasing position in the Short North Posse as alleged in count 1 of the Superseding Indictment.

This same objection would result in the elimination of Count Groups 1,2,3 and 7 as none of the Overt Acts/Joined Counts related to same Count Groups 1,2,3 and 7 was found unanimously by the Jury to have been committed by Defendant Ledbetter nor was any racketeering purpose unanimously found by the Jury as to same.

Count Group 1, paragraph 130 of the PSR, corresponds to Overt Acts 51 and 77; Count Group 2, paragraph 136 of the PSR, corresponds to Overt Act 60; Count Group 3, paragraph 144 of the PSR, corresponds to Overt Act 99; Count Group 7, paragraph 171 of the PSR, corresponds to Count Two of Joined Indictment 15-CR-080Overt Act

The second objection is to the supervisory enhancements awarded to Defendant

Ledbetter under United States Sentencing Guidelines section 3B 1.1 for allegedly having an aggravated role in these offenses.

These four level enhancements are found in paragraphs 141/Overt Act 60, 148/Overt Act 99, 154, 161, 168/Overt Act 84 and 176 of the PSR..

These objections are made in light of Defendant Robert Ledbetter's steadfast denial of guilt and since the requirements of 3B1.1 needed to levy these supervisory points were either not proven at trial and/or correspond to Overt Acts not found unanimously by the Jury to have been committed by Defendant Ledbetter for a stated racketeering purpose.

Defendant Robert Ledbetter would also object as to the enhancements set forth in Paragraphs 138/Overt Act 60 and 145/Overt Act 99, said enhancements levied pursuant to Guideline Section 2A2.1(b)(2), in light of Defendant Robert Ledbetter's steadfast denial of guilt and since same enhancements were simply not supported by the evidence presented at trial and since Defendant Robert Ledbetter was not unanimously found by the Jury to have committed the underlying Overt Acts relating to each of these Count Groups.

While the elimination of these supervisory enhancements as set forth above may not substantially impact the Court's sentencing options, they still must be raised and decided.

Lastly, Defendant Robert Ledbetter would object to being sentenced to multiple terms of incarceration for criminal offenses pled in the alternative.

Specifically, Counts Nine and Ten are convictions for the murder of Rodriccos Williams, under two separate theories.

6

Similarly, Counts Twenty-Nine and Thirty are convictions for the murder of Crystal Fyffe, under two separate theories.

It is the position of Defendant Robert Ledbetter that multiple punishments for the same conduct is prohibited by law.

## C. CASE LAW APPLICABLE TO SENTENCING DECISION

In *United States v. Booker*, 125 8.Ct. 738 (2005), the Supreme Court found that the Sentencing Guidelines are but one of many factors for this Court to consider in determining an appropriate sentence. That means that the judge, at sentencing, is obligated to impose a sentence which is "sufficient but not greater than necessary" to achieve the broad social purposes of sentencing described in 18 U.S.C. §3553(a)(2). *Id*.

The factors in 18 U.S.C. §3553(a) include in pertinent part:

> (a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (a) (2) the need for the sentence imposed-
>
>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (a) (3) the kinds of sentences available;

   (a) (4) the kinds of sentences and the sentencing range established for-

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

   (a) (5) any pertinent policy statement - . . .

   (a) (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (a) (7) the need to provide restitution to any victims of the offense.

When judges factor into a sentence the best way to provide a defendant with needed rehabilitation, as required by §3553(a)(2)(D), they are at the same time required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. §3582(a). After *Blakely* and *Booker*, a sentence must be "reasonable" - a "concept of flexible meaning, generally lacking precise boundaries." *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005).[1]  Thus, reasonableness is when a judge considers the factors listed in 18 U.S.C. §3553(a) rather than simply selects what the judge deems an appropriate sentence without such required consideration. *Webb*, supra.

  The *Booker* decision allows this Court to consider factors which the guidelines previously precluded a court from considering, such as a defendant's age, education and

---

[1] If "reasonableness" were equated with a Guideline sentence, such a standard "would effectively reinstitute mandatory adherence to the Guidelines" that was condemned in *Blakely*.  *Webb*, supra, citing *United States v. Crosby*, 397 F.3d 103, 115 (2d Cit. 2005).

vocational skills, mental and emotional condition, physical condition, family ties and responsibilities, socioeconomic status and any other factors that make each human being and each case unique. *United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wis. 2005). See also, 18 U.S.C. §3661 that specifies that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

In determining whether a sentence is minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider several factors listed in §3553(a)(1-7).[2] The weight to be accorded each factor is a matter for the Court to determine in its sole discretion.[3] See, e.g., *United States v. Jaber*, 362 F. Supp. 2d 365,371 n.14 (D. Mass. March 16, 2005) citing *Ranum*, supra, at 985-986; *United States v. Huerta-Rodriguez*, 355 F.Supp.2d 1019, 1023 (D. Neb. Feb. 1, 2005)(sentencing court must consult and take guidelines into account but is not bound by them); *Booker*, supra, at 790 (Scalia, J., dissenting in part)(noting that "district courts have discretion to sentence anywhere within the ranges authorized by statute - much as they were generally able to do before the Guidelines came into being.").

More recently, in the case of *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006), the Sixth Circuit addressed the current legal framework applicable to federal criminal sentencing which has evolved from the decision of the United States Supreme

---

[2] These directives often conflict with the kinds of sentences previously required by the guidelines, which in most cases offered little alternatives to prison, even though in some cases, a defendant's education, treatment or medical needs may be better served by a sentence which permits the offender to remain in the community.

[3] Many of the factors relevant to 18 U.S.C. §3553(a)(1-7) overlap with factors that are relevant to USSG determinations, including departures.

9

Court in *United States v. Booker*, 543 U.S. 220 (2005).   The *McBride* Court held that while ritualistic incantation of the §3553(a) factors is not required, "the district court's opinion should be sufficiently detailed to reflect the considerations listed in §3553(a)." *Id*. at 474.

### D.  FACTS RELEVANT TO SENTENCING DECISION

The nature and circumstances of the offenses for which Defendant Ledbetter was convicted are known to this Court based upon the evidence presented at Trial.

The history and characteristics of Defendant Ledbetter are adequately set forth in paragraphs 202 through 230 of the PSR.

This memorandum seeks to have the sentence in this case fall short of a life sentence without parole and the above gives the Court the opportunity to accomplish same if it so desires.

Defendant Robert Ledbetter's conviction on Count 1 of the Superseding Indictment, provides for a sentence of not more than 20 years or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment. 18 U.S.C. Section 1963(a).

It is the position of Defendant Robert Ledbetter that Jury Interrogatories 1, 2 and 3 to Count One are insufficient to provide a basis for a life sentence in that the Jury did not find, unanimously, the racketeering purpose for which any of the three homicides set forth in Interrogatories 1, 2 and/or 3 were committed, specifically, as consideration for the receipt of and/or for consideration for a promise or agreement to pay anything that's of pecuniary value from the Short North Posse or for the purpose of gaining entrance to

and maintaining an increasing position in the Short North Posse.

No mandatory life sentence.

As to Counts 10 and Joined Count Two, the term of imprisonment is any term of years or for life pursuant to 18 U.S.C. Section 924(j)(1).

No mandatory life sentence.

As to Counts 4, 9, and 29 and Joined Count One, Defendant Robert Ledbetter would argue that 18 U.S.C. 1959(a)(1) allows for a sentence short of life imprisonment under these circumstances since the statute manifests a Congressional intent to afford the Courts a menu of sentencing options.

This intent is drawn from the placement of a comma and the disjunctive word "or" after "imprisonment", making a life sentence not mandatory.

No mandatory life sentence.

As to Count 30, 18 U.S.C Section 1512(A) directs the reader to 18 U.S.C. 1111 to determine penalty for such a violation.

Defendant Robert Ledbetter would argue to the Court that his conduct in the murder of Crystal Fyffe did not constitute first degree murder, leaving room for the Court to sentence same to a term of years as opposed to life.18 U.S.C. 1111(a).

Again, no mandatory life sentence.

Lastly, Defendant Robert Ledbetter would object to multiple punishments being levied for the same misconduct and/or harm caused.

Counts 9 and 10 involve alternate theories as to the murder of Rodriccos Williams while Counts 29 and 30 involve alternative theories as to the murder of Crystal Fyffe.

Separate sentences under these circumstances would run afoul of constitutional

provisions barring multiple punishments for the same misconduct.

## CONCLUSION

Based upon the totality of the circumstances, including the nature and circumstances of the offense, the history and characteristics of Defendant Ledbetter, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence to others, to protect the public from further crimes and to provide Defendant with needed educational or other correctional treatment in the most effective manner, it is the request of and the author of this motion that this Court sentence same to a term of imprisonment of 360 months.

Respectfully submitted,

/s/Jeffrey A. Berndt
Jeffrey A. Berndt
Attorney for Defendant Ledbetter
575 South High Street
Columbus, Ohio 43215
(614) 280-9300
jberndt84@yahoo.com

/s/ Aaron Durden
Aaron Durden
Attorney for Defendant Ledbetter
10 West Monument Drive
Dayton, Ohio   45402
(937)-938-1182

## CERTIFICATE OF SERVICE

A copy of the foregoing Sentencing Memorandum was served upon David DeVillers, Assistant United States Attorney, by electronic filing this 1st day of March 2017.

        Respectfully submitted,

        /s/Jeffrey A. Berndt
        Jeffrey A. Berndt (0005172)
        Attorney for Defendant
        575 South High Street
        Columbus, Ohio 43215
        (614) 280-9300
        jberndt84@yahoo.com