IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT LEDBETTER,**          Case No. 2:14-cr-127

    Petitioner,

    v.                        Judge Algenon L. Marbley
                              Magistrate Judge Elizabeth Preston Deavers

**UNITED STATES OF AMERICA,**

   Respondent.

### Response by the United States to Ledbetter's "Motion to Dismiss a Void Judgment for Lack of Subject Matter Jurisdiction"

Petitioner Ledbetter is serving life sentences on multiple counts, as well as a consecutive term of 120 months, for crimes he committed as the de facto leader of the Short North Posse. He has filed a pro se "motion to dismiss a void judgment for lack of subject matter jurisdiction." (R. 1733, motion to dismiss, 20034.)[1] In the instant motion, he argues that his conviction on count 31 for discharge of a firearm during a crime of violence, and the accompanying 120-month sentence, should be vacated in light of *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019). (R. 1733, motion, 20034.) The United States agrees that this conviction should be vacated in light of *Davis*. The Court should (1) construe Ledbetter's pro se filing as a motion to amend his currently pending initial motion under 28 U.S.C. § 2255 (R. 1681, motion, 19759); (2) grant Ledbetter leave to amend the § 2255 motion; and (3) grant in part his § 2255 motion as to

---

[1] Record citations herein use R. followed by the document number, a brief description, and the pinpoint PageID number.

the present claim. It is not necessary to hold an evidentiary hearing on Ledbetter's motion to amend. It is also not necessary to hold a resentencing hearing, because the sentence for the remaining counts includes multiple mandatory life terms. Ledbetter's motion under § 2255 should otherwise be denied, as described in the United States' previously filed response in opposition. (R. 1707, United States' response to motion under § 2255, 19894.)

### I. Procedural Background

Following a two-month jury trial, Robert Ledbetter was convicted of nine counts arising from leadership of the Short North Posse and his participation in a series of murders. Two of these counts, both relating to the murder of Crystal Fyffe, are pertinent to Ledbetter's current motion: conspiracy to murder a witness (count 30) and discharge of a firearm during a crime of violence (count 31). (R. 1478, judgment, 14761; R. 300, superseding indictment, 1212-13.) Following Ledbetter's conviction on all counts, this Court imposed a sentence of life imprisonment on eight of his nine counts of conviction. (R. 1478, judgment, 14761.) Six of the life terms were ordered to be served concurrently, while two were ordered to be served consecutively to each other and the first six. (*Id.*) The Court also imposed a term of imprisonment of 120 months for count 31, to be served consecutive to all other counts. (*Id.*) This Court entered judgment on March 24, 2017. (*Id.*) The Sixth Circuit affirmed the judgment against Ledbetter in its entirety. *Id.* at 344. The Supreme Court denied *certiorari*. *Ledbetter v. United States*, 140 S. Ct. 509 (November 12, 2019) (mem.).

On November 2, 2020, Ledbetter filed a pro se motion pursuant to 28 U.S.C. § 2255. (R. 1681, motion under § 2255, 19784.) The United States responded in opposition. (R. 1707, United States response to motion under § 2255, 19894.) Ledbetter filed a short pro se "Supplement & Amendment" to his § 2255 motion, containing additional arguments regarding ineffective

assistance of appellate counsel. (R. 1709, supplement, 19911.) He later filed a pro se "motion to dismiss a void judgment for lack of subject matter jurisdiction." (R. 1733, motion, 20034.) Ledbetter's § 2255 motion remains pending.

## II. Argument

Ledbetter's present motion is styled not as a § 2255 motion, or as a motion to amend his pending § 2255 motion, but as a "motion to dismiss a void judgment for lack of subject matter jurisdiction." Nonetheless, because the motion attacks his conviction, it is properly construed as seeking relief under § 2255. *See, e.g., In re Booker*, 797 F. App'x 959, 962-63 (6th Cir. 2020) ("[r]egardless of caption or style," prisoner's motion that "sought to advance substantive claims that collaterally attacked his sentence" raised "claims that must be raised in a § 2255 petition"); *United States v. Gastelum-Lara,* 478 F. App'x 303, 305 (6th Cir. 2012) (post-conviction "motion to dismiss the indictment" properly construed as § 2255 motion); *cf. United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) ("when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion").[2]

However, a motion to vacate that is filed while an initial § 2255 motion is still pending (as is the case here) should be construed as a motion to amend the pending § 2255 motion rather than a second or successive § 2255 motion. *See, e.g., In re Westbrook,* No. 18-6045, 2019 U.S.

---

[2] In some circumstances, district courts should provide a prisoner with notice and an opportunity to withdraw before construing his filing as a § 2255 motion. *See In re Shelton*, 295 F.3d 620 (6th Cir. 2002). The purpose of that notification, however, is to avoid prejudicing the prisoner by causing a later § 2255 motion to be treated as second or successive. *Id.* Because Ledbetter has already filed an initial § 2255 motion, such notification is unnecessary. *See In re Nailor*, 487 F.3d 1018, 1023 n.3 (6th Cir. 2007).

App. LEXIS 483 (6th Cir. January 7, 2019) (citing cases); *see also Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—i.e., before the petitioner has lost on the merits and exhausted her appellate remedies."). Because this Court has not yet ruled on Ledbetter's § 2255 motion, his "motion to dismiss a void judgment for lack of subject matter jurisdiction" should be construed as a motion to amend and resolved by this Court. The motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which, as relevant here, permits amendment with leave of court, which should "freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a); *see Clark*, 764 F.3d at 661.

In light of the nature of Ledbetter's claim and the particular circumstances here, the United States does not oppose allowing amendment of the § 2255 motion to incorporate Ledbetter's present claim. Ledbetter challenges his conviction on count 31, for discharge of a firearm during a crime of violence. *See* 18 U.S.C. § 924(c). The specified "crime of violence" was conspiracy to murder a witness, Crystal Fyffe, in violation of 18 U.S.C. § 1512(k). (R. 1553, trial transcript at 17837-38 (jury instructions as to count 31)); *see also Ledbetter*, 929 F.3d at 354 (discussing the count).

Prior to the Supreme Court's decision in *United States v. Davis*, and at the time of Ledbetter's conviction, conspiracy to murder a witness qualified as a "crime of violence" under the residual clause of § 924(c)(3)(B). *See* 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence" to include a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). As such, this Court instructed the jury that the offense was a "crime of violence" for purposes of 18 U.S.C. § 924(c). (R. 1553, trial transcript at 17838-39.) Subsequently, however, the Supreme

Court held in *Davis* that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019). And the charged conspiracy offense does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another" necessary to qualify as a "crime of violence" under the still-valid § 924(c)(3)(A) "elements clause." (*See* R. 1553, trial transcript at 17838-41 (listing elements of count 30 conspiracy charge); *accord Correa-Castro v. United States,* No. 1:10-cr-185, 2020 WL 470646, *5 (W.D.N.Y. 2020) (accepting government's concession and noting that "[i]t is quite clear that conspiracies to violate 18 U.S.C. § 1512 . . . cannot be crimes of violence under 18 U.S.C. § 924(c)(3)(A)"); *United States v. Ivory*, – F. App'x –, 2021 WL 2801356, *5 n.5 (10th Cir. July 6, 2021) (accepting government's concession on the point); *cf. Ledbetter,* 929 F.3d at 361 (reversing convictions of two co-defendants' § 924 conviction where the predicate was conspiracy to commit Hobbs Act robbery). As such, the United States agrees that, in light of the intervening precedent in *Davis*, the conspiracy offense was not properly treated as a "crime of violence" that could serve as a predicate for the count 31 § 924(c) count, and that Ledbetter's conviction and sentence on count 31 were thus "not authorized by law." *See* 28 U.S.C. § 2255(b).

In the circumstances here, the United States therefore agrees that Ledbetter's present claim has merit to the extent that he seeks vacatur of his conviction and sentence on count 31 for discharge of a firearm during a crime of violence. The United States affirmatively waives applicable procedural defenses as to that claim, including procedural default or untimeliness.[3]

---

[3] Because the United States affirmatively waives any defense of untimeliness as to this claim, this Court need not address whether Ledbetter's current claim would relate back to those raised in his pending § 2255 motion. *See generally Wood v. Milyard*, 566 U.S. 463, 474 (2012) (district court properly accepted government's affirmative waiver as to timeliness defense, and it was an abuse of discretion for the Court of Appeals not to do the same).

To the extent that Ledbetter means to suggest that his argument regarding count 31 somehow impacts his other counts, or this Court's jurisdiction, however, he is wrong. If this Court vacates one count of a multi-count conviction pursuant to § 2255, it "must proceed to grant one of four remedies 'as may appear appropriate': (1) 'discharge' the prisoner, (2) 'resentence' the prisoner, (3) 'grant a new trial,' or (4) 'correct' the sentence." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(b)). Here, the "appropriate" remedy is to simply vacate count 31 and "correct" the sentence by vacating the corresponding consecutive 120-month sentence. Ledbetter is serving three consecutive life sentences on the remaining counts, including mandatory statutory terms of life imprisonment on each of his four convictions under 18 U.S.C. § 1959. (*See* R. 1544, sentencing transcript, 16495.) Unlike in cases where invalidating the sentence on one count may affect a broader "sentencing package," the invalidity of count 31 has no logical effect on Ledbetter's other convictions, their accompanying life sentences, or his guideline range of life. *See* PSR ¶ 237; *see also, e.g., Clark v. United States*, No. 19-17214, 2021 WL 3561246 at *7 (D. N.J. August 12, 2021) (declining to hold resentencing when vacating § 924(c) count where life sentence remained on other counts, citing cases); *United States v. Lassiter,* 1 F.4th 25, 30-31 (D.C. Cir. 2021) (applying sentencing package when vacating a § 924(c) count, while distinguishing prior case where "the sentence wasn't a package" because the court had already imposed life sentences on the remaining crimes); *United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir. 1996) (vacating § 924(c) count but declining to remand for resentencing in view of sentence of life imprisonment on other counts); *see generally United States v. Faulkenberry*, 614 F.3d 573, 590-91 (6th Cir. 2010) (noting application of sentencing package theory only where district court's sentence on surviving counts was "interdependent" with that on vacated count).

Because "the original sentencing court's calculations and explanations" remain entirely applicable as to all other counts, the Court may thus "impose a corrected sentence based on a brief order." *See United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018). It is unnecessary to reconsider the § 3553 factors, which can only occur via resentencing. *See United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019) (holding that any assessment of § 3553 factors following grant of a § 2255 motion constitutes a "resentencing" at which the defendant must be present, but noting that one situation in which a court properly "corrects" a defendant's sentence "without holding a resentencing hearing" is when "the court does 'no more than mechanically vacate . . . unlawful convictions (and accompanying sentences)'").

Here, the Court may simply vacate the count 31 conviction and correct the sentence by vacating the 120-month consecutive sentence accompanying that count, providing a brief "reasoned explanation for choosing a correction rather than a resentencing." *See id.* at 243 (Murphy, J., concurring) (explaining that although any reassessment of § 3553 factors requires a resentencing with the defendant present, "district courts may issue corrections that do not reassess the § 3553(a) factors if they simply offer a reasoned explanation for choosing a correction rather than a resentencing."). The fact that Ledbetter is serving life sentences on the remaining counts, including mandatory life sentences on four of those counts, provides such a reasoned explanation here. *See Clark v. United States*, No. 19-17214, 2021 WL 3561246 (D. N.J. August 12, 2021) (vacating § 924(c) conviction based on *Davis,* but explaining that resentencing was unnecessary in light of life sentence on remaining counts, citing cases); *cf. Lemoine v. United States*, 819 F. App'x 358, 365 (6th Cir. 2020) (remanding for further consideration of petitioner's § 2255 motion raising multiplicity challenge to convictions for possession and receipt of child pornography, and noting that "[i]f the court chooses to vacate Lemoine's

possession conviction, then his Guidelines range would remain unchanged and resentencing would be unnecessary").

### III. Conclusion

For the foregoing reasons, this Court should construe Ledbetter's present motion as a motion to amend his § 2255 motion, allow the amendment, and grant his § 2255 motion in part as described herein. No evidentiary hearing on this motion is necessary.

    Respectfully submitted,

    VIPAL J. PATEL
    Acting United States Attorney

    s/ Kimberly Robinson
    KIMBERLY ROBINSON (0086042)

    s/ Kevin W. Kelley
    KEVIN W. KELLEY (0042406)
    Assistant United States Attorneys
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    (614) 469-5715

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response by the United States to Ledbetter's motion was served this 30th day of August 2021, via United States Postal Service, on Robert Ledbetter, Inmate# 69484-061, FCI Florence, P.O. Box 6000, Florence, CO 81226.

s/ Kimberly Robinson
KIMBERLY ROBINSON (0086042)
Assistant United States Attorney