United STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

United States of America
     vs.
Robert B. Ledbetter

2:15-cr-080
2:14-cr-00127-AIM
Criminal case

Amendment/SUPPLEMENT TO previous Motion to DISMISS for lack of SUBject Matter Jurisdiction, IN a VOID Judgement.

Petitioner now moves to amend/supplement his previously filed motion with the following facts in support of his claims to vacate his sentence, and conviction in the above captioned case. And to Dismiss the indictment as defective, and VOID.

Counts 1, 4, 9, 10, 29, 30, & 31. To which Petitioner was convicted. Are null and void. For lack of subject matter jurisdiction.

The above referenced counts of conviction are all linked to count #1. A racketeering conspiracy. As outlined previously, the U.S. Supreme Court in United States v. Davis 18-431, in which the court held 18 U.S.C. 924(c)(3)(B) was unconstitutionally vague, and void. Petitioner now amends his Petition with the following supporting facts for relief: Based on the Davis decision which establishes, a Due Process violation, that stripped the court of subject matter jurisdiction. And resulted in a VOID judgment

The Process of how courts lose jurisdiction to enter judgment, and sentence, when the Due Process clause is violated......

Argument: A constitutional Power is a governmental authority or capacity, that in a government formed under a constitution, is enumerated or implied, as being vested

pg. (2)

in a particular branch or official. A Legislative Executive, or Judicial Power granted by or deriving from the U.S. Constitution.

The "Rules" of jurisdiction in a sense speak from a position outside the court system. They are to a large extent constitutional rules. The Provisions of the U.S. Constitution specify the Outer limits of subject matter jurisdiction, of the courts. And authorize congress within those limits to, establish by statute the organization, and jurisdiction of the Federal Courts. <u>Article III Section 1</u> of the constitution defines the Judicial Power of the United States, to include. Cases arising under federal law. As well as other categories. The U.S. Constitution, Particularly the Due Process Clause, limitations operate in two areas. (1) Jurisdiction of subject matter, and (2) jurisdiction over Person... see: <u>18 U.S.C. 3231. Fleming James Jr, Geoffrey C Hazard Jr, & John Leubsdorf, Civil Procedure 2.1 at 55 (5th ed 2001) and, Gunn v Minton, 133 S.Ct 1059, 1064 (2013)</u>

All federal courts, are courts of limited jurisdiction. Federal courts Possess only

that Power authorized by the constitution, and statute. Which is not to be expanded by Judicial decree. See: <u>Rasul v. Bush, 542 U.S 466, 489 (2004), Kokkonen v Guardian life insurance co. of America, 511 U.S 375, 377 (1991), Fisher v Peters, 249 F.3d 433, 444 (6th Cir 2001)</u>

The U.S supreme court has emphatically expressed that all courts, even the highest, are more, or less limited in their jurisdiction. In all cases civil or criminal. Though the court may possess jurisdiction of the subject matter, and of the parties. It is still limited in its modes of Procedure, and in the extent, and character of its judgment. It must act judicially in <u>all things</u>. And cannot transend the Powers conferred by law. So a departure from established modes of Procedure, will render a Judgment VOID. See: Windson v. McVeigh, 93 U.S 274, 282 (1876), McMicking v. Shields, 283 U.S 99, 105 (1915), Ex Parte Nielson, 131 U.S 176 (1896) United States v Walker, 109 U.S 258 (1883), United States v Agurs, 427 U.S 97, 122 n.13 (1976), Danforth v Minnesota, 550 U.S 264, 271 (2008)

A courts jurisdiction at the beginning of a process, or proceeding. May be <u>lost</u> in the beginning, or during the course of the Proceeding. See: <u>Frank v Mangum, 237 U.S 309 (1915)</u>, <u>Kaizo v Henery, 211 U.S 146, 148 (1908)</u> <u>McMicking v Shields, 238 U.S 99, 104-05 (1915)</u>, <u>Lott v Coyle, 261 F.3d 594 (6th Cir 2001)</u>

If the Court lost jurisdiction at the begining of the Process. Or during the course of the proceedings. "<u>Unless Jurisdiction was in some manner restored, all subsequent Process or Proceedings were void</u>"... And the judgment never becomes final, nor one that would support imprisonment. Because a void judgment or opinion, rendered without jurisdiction can never be made valid. Because jurisdiction is essential to the validity of every conviction. The U.S. Supreme Court has concluded. "A Process subsequent to Judgment is as essential to jurisdiction, as Process antecedent to judgment. Else the Judicial Power would be incomplete, and entirely inadequate to the Purpose for which it was conferred by the constitution. See: Bass v Hoagland, 172 F. 2d 205, 209 (5th Cir 1949)

<u>Baltimore and R.R Co</u> v <u>Koontz, 104 U.S 5, 15 (1881)</u>
<u>Steel Co v. citizens of Better Envit, 523 U.S. 83, 94-95 (1991)</u>, <u>Biggs v Johnson county, 73 U.S 6 (1868)</u>

Such jurisdictional limitations on judicial actions, by the courts are not Playthings of lawyers. Nor obstructions on the road of justice. Whether formulated by the Constitution, congressional enactment, or settled judicial Precedent. They are means designed to keep the court within appropriate limits. See: <u>United States v. Storer Broadcasting Co, 35 U.S. 193, 214 (1956)</u>. When defects of adjudication are considered jurisdictional they have a Profound effect on the treatment they receive in other context. Especially where some essential element, which would authorize the court to Proceed to sentencing is lacking....

It is an unquestionable legal Precedent, that a judgment whether in a civil, or criminal case reached, without due Process of law, is without jurisdiction and void"...... Because the United States is forbidden by the fundamental law. To take either life or

Pg. (4)

liberty without due Process of law. And its courts are included in this Prohibition. See: Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir 1949) United States v Agurs 427 U.S 97, 122 n.13 (1976), Groves v. Witherspoon, 376, F. Supp 52 (6th Cir 1974) Johnson v Zerbst, 304 U.S 458, 467-68 (1938) Zadvygas v. Davis, 533 U.S 678, 690 (2001)

It is well settled Principle that compliance with Constitutional Mandates is an essential jurisdictional Prerequisite to a federal courts authority to deprive an accused of his life and liberty. And a denial of a fair and impartial trial, as guaranteed by the 6th Amendment to the Constitution. Is also a violation and denial of Due Process demanded by the 5th & 14th amendments. And failure to strictly observe these constitutional safeguards, renders a trial and, conviction for a criminal offense illegal and VOID. Due to the fact that such a conviction would be contrary to federal law, and the Constitution. See: Baker v Hudspeth, 129 F.2d 779, 781 (10th Cir 1942) Johnson, 304 US at 467-68, and Durham v Cox, 328 F. Supp 1157 (6th Cir 1971)

pg. (7)

Further the U.S Supreme Court has concluded. "It may be claimed that the court had complete jurisdiction, of the case. 18 U.S.C 3231. That may be conceded. The question is did it have jurisdictional to enter that Particular Judgment? The Supreme Court has unequivocally, and emphatically answered this question; via concluding: (1) Denial of Due Process of law, vitiates the verdict, and sentence; and (2) The deprivation of the constitutional right of Due Process of law. To a trial before condemnation. Does one of two things —. (1) It either ousts the court of jurisdiction to enter a judgment of conviction. Or (2) It deprives the record of all legal virtue, and a judgment of conviction entered thereon is a nullity. It having nothing to support it": See: M'Micking v. Shields, 238 US 99, 105 (1915) Windsor v McVeigh, 93 US 274, 282 (1876). and United States ex rel. Meers v. Wilkins 326 F.2d 135, 140 (2nd Cir 1943).

Petitioner does not deny the initial jurisdiction of the trial court. Jurisdiction has always been freely conceded. My argument is the judgment rests upon something which occured after the jurisdiction had attached. It rests upon the proposition that while the trial court had jurisdiction 18 U.S.C 3231, in the first place. It lost that jurisdiction, during the Progress of the Proceedings. When Petitioners' constitutionally protected rights were infringed upon, by perjured testimony and an unconstitutional statute. And the Court so transcended its Powers rendering its judgment VOID. And depriving the record of all legal virtue. See: McMicking 238 U.S at 104-105.

These Due Process violations of Perjured grand jury and trial testimony by government witnesses. (1) Anthony Jones (2) Troy Patterson (3) Turquoise Patterson, (4) Tabib Broomfield and (5) Samantha Murphy. All of who were found to have provided false testimony to the grand jury. In violation of Petitioner's Due Process rights. And the Davis decision which invalidated 18 U.S.C 924(c)(3)(B) as VOID for vagueness. These combined constitutional violations ousted the court of subject matter jurisdiction.

And rendered the entire proceedings NULL and VOID.

If jurisdiction is absent in the District Court its decision is VOID. "The requirement that jurisdiction be established as a threshold matter. Is inflexible and without exception. For jurisdiction is the Power to declare law, and without jurisdiction the court cannot Proceed at all in any cause." See: Ruhrgas AG v. Marathon Oil Co, 576 U.S 574, 577 (1999) Ex Parte McCradle, 74 U.S 506, 514 (1868).

A denial of Due Process of law is jurisdictional. See: Sunal v. Large, 332 US 174, 179 (1947). The record sets forth these violations of Petitioners Due Process rights. The Due Process clause guarantees both substantive, and Procedural Due Process. See: Zadvydas v. Davis 533 U.S 678, 690 (2001), United States v. Salerno, 481 U.S 739, 746 (1989), Kerry v. Din 135 S.Ct 2128, 2132 (2013)

Procedural Due Process protects <u>not</u> against the deprivation of rights. It only protects against an unfair process. See: <u>Carey v. Piphus, 435 U.S. 247, 259 (1978)</u>. So to prevail on a Procedural Due Process Claim. A defendant must establish. (1) A constitutionally protected interest. [ Petitioners protected interest is a liberty interest which is protected by the Due Process clause of the U.S. Constitution ]. (2) Government deprivation of that interest [ I was deprived of liberty when the government obtained, and prosecuted me on an indictment, based on false testimony, and an unconstitutional statute]. And the U.S. District Court for the Southern District of Ohio, transcended its powers and sentenced me in violation of several expressed provisions of the U.S. Constitution after it lost jurisdiction of the subject matter.

And (3) The constitutional inadequacy of the procedures accompanying the deprivation. See: <u>Bd of Regents of State College v. Roth 408 US 564, 569-70 (1972)</u>, <u>Unan v. Lyon, 853 F.3d 279, 291 (6th Cir 2017)</u> [quoting <u>Rosen v. Goetz 410 F.3d 919, 928 (6th Cir 2005)</u> <u>Mathews v. Eldridge, 424 US 319, 332 (1976)</u> And <u>Cutshall v. Sundquist, 193 F.3d 466, 479 (6th Cir 1999)</u> quoting <u>Paul v. Davis 424 U.S. 693, 711 (1976)</u>

Substantive Due Process, Protects rights created by the Constitution. And Protects general rights of an individual to be free from the abuse of governmental Power. Regardless of the fairness of the Procedures used to implement them. So to Prevail on a substantive due Process claim. A defendant must demonstrate, that an arbitrary, or capricious act deprived him of a protected interest.

Arbitrary means a judicial decision that was founded on Prejudice, or Preference, rather than on reason or fact. [ It is unquestionable that Perjured grand jury, & trial testimony, and an unconstitutional statute, upon which, defendants convictions, and sentence rest. Were founded on Prejudice ].

Capricious means contrary to the evidence or established rule of law. The Protected interest in a criminal matter are. (1) A liberty interest which is Protected by the Due Process clause, of the federal Constitution. And (2) a legal interest, is an interest that has its origin, in the principles, standards, and rules developed by courts of law.

See: Washington v. Glucksberg, 521 US 702, 720 (1997)
Bowers v. City of Flint, 325 F.3d 758, 763 (6th Cir. 2003)
Seal v. Morgan, 229 F.3d 567, 574 (6th Cir. 2000).
[Again it is unquestionable that Petitioner's legal interest were violated by the constitutional violations in this case. Which are contrary to the constitution, and laws of the United States. These violations are contrary to the rules, Principles, and standards developed by the courts of law].

Once it is determined that the Due Process clause applies the question remains what Process is due. See: Mathews v. Eldridge, 424 US 319, 332 (1976) Morrissey v. Brewer, 408 U.S. 471, 481 (1972) Groh v. Ramirez, 540 US 554, 578 (2004).

These substantive and Procedural Due Process violations resulted in the denial of a fair and impartial trial, for Petitioner. And denial of a fair trial is denial of Procedural Due Process. As the sixth circuit recognized in Stumpf v. Robinson, 722 F.3d 739 (6th Cir 2013) [quoting Lisenba v. California, 314 U.S. 219 (1944)].

"As applied to a criminal trial denial of Due Process is failure to observe the fundamental fairness, essential to the very concept of justice. In order to declare a denial of it, We must find that the absence of fairness fatally infected the trial." See also: Medina v. California, 505 US 437, 443 (1992) [State action that deprives a defendant of a fundamentally fair trial violates the Due Process clauses Procedural componet].

The trial courts actions Prejudiced Petitioners. And were a departure from the established modes of Procedure. The Court transcended its judicial authority. When it sentenced Petitioner in violation of several expressed Provisions, of the U.S. Constitution. Which secured to them fundamentally protected rights.

No distinction can be taken between the government as Prosecutor and the government as judge. If the established rules of law does not permit the District Attorney's actions. It also does not Permit the Judge to allow iniquities to succeed. The judicial integrity theory is that, Federal courts cannot be, accomplices in the willful disobedience of the Constitution they are sworn to uphold.

A judicial system which condones deprivation of Due Process of law, will be of little value to the individuals whose rights it is sworn to Protect. See: Ex Parte Bollman Cranch 15, 94 (1807) Lonchard v. Thomas, 517 US 314, 323 (1996) Gunn v. Minton, 137 S.Ct 1059, 1064 (2013) Felker v. Turpin, 518 US 651, 665 (1996) Almstead v. United States, 277 US 438, 478 (1928) Elkins v. United States, 364 US 206, 223 (1960).

The actions by the U.S. Attorney's and trial court, show on the face of the record both Procedural, and Substantive, Due Process violations. These violations ousted the trial court of its initial jurisdiction. To render judgment, and sentence Petitioner. The Court's jurisdiction was <u>never</u> restored. This lack of jurisdiction vitiates the verdict, and sentence, on all counts of conviction, not just count 31.

Because the deprivation of the constitutional right of due Process of law, to a trial before condemnation. Either ousts the court of jurisdiction to enter a judgment of conviction. Or it deprives the record of all legal virtue. And a judgment of conviction entered thereon is a nullity. It having nothing to support it.

Pg. (15)

See: McMicking v. Shields, 238 US 99, 105 (1915).

If jurisdiction is absent in the District Court, its decision is VOID. And its undeniable if the District Court lost jurisdiction the Apellate court is also without jurisdiction. See: Smallwood v. Gallard, 275 US 56, 62 (1927) [ in the words of Justice Holmes. "It does not matter that these cases have gone to a higher court. When the root is cut, the branches fall". ] See: Hallowall v. Commons, 239 U.S 506, 508 (1916) Bateman v. Ford Motor co, 76 F. Supp 178, 183 (6th cir 1948) same.

A defendant maintains a right to Due Process of law in all criminal Proceedings until the entry of final judgment. And the law Presumes innocence until a valid judgment of conviction is entered. Because of the constitutional, and due process violations at issue in this case. There was no valid judgment of conviction entered. Further the Supreme Court has held that the Preliminary stages of all criminal Prosecutions, must be Pursued in strict obedience to the safeguards and restrictions of the consitution. And the laws of the United States. See: Abel v. United States 362 US 217, 226 (1960)

Pg. (16)

By requiring the government to follow appropriate Procedures, when it's agents decide to deprive any person of liberty. The Due Process Clause Promotes fairness in such decisions. And barring certain government action regardless of the fairness, or Procedures used to implement them. Serves to prevent government Power, from being used for Purposes of Oppression. See: <u>Dent v. West Virginia, 129 U.S 114, 123 (1889). Daniels v. Williams, 474 US 327, 331 (1986) County of Sacramento v. Lewis, 523 US 833, 845 (1998) Lisenba v. California, 314 US 219, 236 (1941) Riggins v. Nevada, 504 US 127, 147 (1997).</u> In criminal cases the Due Process clause operates, not to protect an accused from a proper conviction. But rather to Protect the accused from an unfair conviction see: <u>Adamson v. California, 332 US 46, 57 (1944)</u>

Where there is a denial, or invasion of a constitutional right. The determining inquiries are. (1) Had the District Judge jurisdiction, of the Person, and subject matter. And (2) was the sentence imposed within its power.

The answer to both questions in this case is a resounding "NO"...... The District Court lost jurisdiction, when Petitioner's due Process rights were violated. And the Court transcended and exceeded its Powers. And the laws of its organization. When a constitutional immunity of Petitioner was violated by the indictment, trial, and sentence, imposed by the Court. See: <u>Bens v. United States 266 F. 152, 157 (2nd Cir 1920)</u>

## RELIEF SOUGHT

Petitioner requests the appointment of counsel, to represent him in any future proceedings. To clarify, and expand the record, in relation to the constitutional violations, of Due Process outlined herein.

(a) Petitioner requests that his conviction and sentence on Counts 1, 4, 9, 10, 29, 30, 31 and Joinder cts. 1 & 2 be dismissed as VOID for lack of subject matter jurisdiction. Along with the convictions and sentence of my co-defendants in case 2:14-cr-00127-ALM & 2:15-cr-080 who are similarly situated.

respectfully Submitted,

Robert B. Ledbetter

Date: ~~8-23-21~~
8-26-21

per Mailbox Rule See:
Huston v. Lack, 487 U.S. 266, 108 S.ct 2379 (1988)

Robert B. Ledbetter
#69484-061
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226

pg. (19)