For the Southern District of Ohio
Eastern Division

Robert B. Ledbetter,
    petitioner

v.

United States of America,
    respondent

Case No 2:14-cr-127-ALM
2:15-cr-080

Judge: A. Marbley
Magistrate: Deavers

AMENDMENT/SUPPLEMENT TO PREVIOUS § 2255 Motion & PREVIOUS AMENDMENT/SUPPLEMENTS IN A VOID JUDGEMENT Petitioner's conviction for violating § 1512 should be VACATED in LIGHT OF Court's Decision in Fowler v. United States, 131 S.Ct. 2045, 179 L.Ed 2d 1099, 563 U.S. 668 (20__)

    Ledbetter contends that the Supreme Court decision in Fowler v. United States, 131 S.Ct. 2045 (2011), renders his conviction for violating 18 U.S.C. § 1512 invalid. Specifically, Ledbetter argues that he was indicted for the murder of alleged government witness in violation of § 1512. See Superseding Indictment - Count 30. However, Ledbetter argues that the alleged witness that he was charged with murdering or conspiring to murder was not a government witness. Furthermore, Ledbetter contends that the victim had not communicated with a federal officer, nor was killed in order to prevent communication to a federal law enforcement officer.

pg. (1)

In Fowler, the Supreme Court considered whether a violation of 18 USC § 1512(a)(1)(C) requires that the defendant have the intent not only to prevent communication to law enforcement officers in general, but to federal officers in particular. See Fowler, 563 US at 131 S. Ct. at 2648.

Fowler shot and killed a police officer who approached him and his co-defendants in a cemetary where they were preparing to rob a bank. Fowler was later charged under § 1512(a)(1)(C). After Fowler was convicted, he unsuccessfully appealed. The Supreme Court vacated the Eleventh Circuit's decision. The Court held that to establish a violation of § 1512(a)(1)(C), the government "must show that there was a reasonable likelihood that a relevant communication would have been made to a federal officer." Fowler, 131 S. Ct. at 2648.

The Supreme Court rejected the "possibility" standard, writing that to allow the Government to show only a mere possibility that a communication would have been with federal officials is to permit the Government to show little more than the possible commission of a federal offense. Id at 2051.

The Supreme Court explained that the Government was not required to show that the communication, if it occurred, was beyond a reasonable doubt, or even more likely than not. Id at 2052.

However, the Government "must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical." Id at 2052

pg. (2)

In the case sub judice, Ledbetter was charged with the murder of a witness, when in fact, was not a witness in any Federal proceeding. A scenario expressly contemplated by the Courts overriding concern in Fowler.

The Court held that "in a case such as this one where the defendant does not have a particular federal law enforcement officers in mind the Government must show a reasonable likelihood that, had e.g. the victim communicated with law enforcement officers, atleast one relevant communication would have been made to a federal law enforcement officer. 563 US at 678.

Ledbetter contends there was no evidence produced that any murder was intended to prevent the communication to a federal law enforcement officer, nor was there atleast one communication to a federal law enforcement officer. Fowler, 131 S.Ct. at 2052. Therefore, Ledbetter claims that his conviction for Count 30 must be vacated in light of Fowler.

See Attached Summary of Facts of Transcripts of evidentiary hearing on Dec. 1, 2015 @ 1pm before Honorable Judge A. Marbley with attorney Stephen E Palmer - Counsel for victim.

pg. (3)


SUMMARY OF FACTS / OVERVIEW OF EVIDENTIARY HEARING on DEC 1, 2015 @ 1pm before Hon. Judge. Marbley with Stephen E. PALMER - counsel for VICTIM. [see: Transcripts]

pg. 3 of 123 - victim states (per counsel) being contacted by state authorities being accused of tampering with evidence

pg. 9 of 123 - Victim stated to counsel that she was being threatened of criminal charges by state authorities. As well as the DEA was seeking $30K in relation to Mr. Ledbetter's current marijuana arrest.

~~pg. 11~~
pg. 11 of 123 - State prosecutor Gregg Marx was contacted

pg. 13 of 123 - Jeffrey A. Linn, assistant to Stephen E. Palmer states that officer's want dirt on Ledbetter and hopes the threats towards victim will get her to "spill her guts."

pg. 14 of 123 - Jeffrey A. Linn states victim was told to lie to Ledbetter in regards to her door being kicked in resulting in a $30K seizure.

pg. 18 of 123 - Stephen E. Palmer states that a meeting took place with State prosecutor Gregg Marx and a detective from the Pickerington Police Dept., in a state homicide. No Federal law enforcement officers. Where full immunity was given in advance prior to any statements giving victim full range & incentive to proffer.

pg. 19 of 123 - Victim told detectives she did not recall doing anything to assist in disposing evidence relative to a homicide. Victim denied it vehemently even with full blown immunity.

pg. 21 of 123 - Judge states willful rule violation of leading questions.

pg. 24 of 123 - Counsel reiterates whom is present @ meeting and that detectives did not believe her.

pg. 27 of 123 - Victim again states no assistance in crime.

pg. 29 of 123 - Victim states not willing to testify.

pg. 31 of 123 - Counsel states information regarding the disposal of clothing/tampering of evidence came from govt. informant Earl Williams.

pg. 35 of 123 - The Court addresses victims counsel for stating different information in regards to "Ledbetter's" crew from prior testimony

pg. 37 of 123 - Counsel confirms that May 2011 seizure of $30k was the end of the Fed's involvement with victim which was killed later in October 2011.

p. 45 of 123 - Shows multiple contacts from victim to defendant via visitation at the County Jail and even trying to use fake I.D.'s to enter facility, even after meeting with state prosecutors contradicting the theory she was killed to prevent testimony which she stated she would not do regardless.

pg. 51 of 123 - shows victim lying to authorities, the hospital, and Social Security Disability.

These Evidentiary hearing transcripts show lack of communication with federal law enforcement, inconsistencies, and contradiction to the governments theory.

## Conclusion

As demonstrated, the ineffectiveness of counsel at both trial and appellate level was cumulative and irrefutably prejudicial.

### Relief Sought

Given the impact on proceedings at both levels Mr. Ledbetter is entitled to a restoration of his right to trial ab initio. Hence, he seeks that his conviction be vacated, the Court order a new trial and restoration of all appellate rights.

respectfully submitted,

Date: 1-3-22

Robert B. Ledbetter
# 69484-061
U.S. Penitentiary Max
P.O. Box 7000
Florence, CO 81326

*Robert B. Ledbetter*

"Mail-box Rule"