IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERT LEDBETTER,** | Case Nos. 2:14-cr-127, 2:15-cr-80 |
| | Civil Case Nos. 2:20-cv-5733, 2:21-cv-1120 |
| Petitioner, | |
| v. | Judge Algenon L. Marbley |
| | Magistrate Judge Michael R. Mertz |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**Response by the United States to Ledbetter's
"Amendment/Supplement to Previous Motion to Dismiss" and
"Motion to Supplement/Amend 28 U.S.C. § 2255"**

Petitioner Ledbetter has filed a pro se "amendment/supplement to previous motion to dismiss for lack of subject matter jurisdiction, in a void judgment" (R. 1742, motion, 20151)[1] and a pro se "motion to supplement/amend 28 U.S.C. § 2255 pursuant to Fed. R. Civ. P. 15(c)(1)(A), 15(c)(1)(B) and (c)(2)" (R. 1744, motion, 20171). These were filed in support of his still-pending pro se motion pursuant to 28 U.S.C. § 2255. (R. 1681, motion under § 2255, 19784.) Ledbetter's most recent filings are untimely and should be denied. It is not necessary to hold a hearing.

**I. Procedural Background**

Robert Ledbetter was convicted of nine counts: conspiracy to commit racketeering (count

---

[1] Record citations herein use R. followed by the document number, a brief description, and the pinpoint PageID number. All citations are to the record in 2:14-cr-127 unless otherwise noted. Citations to the record in the joined case, 2:15-cr-80, will include a parenthetical that includes the case number.

1); murder in aid of racketeering, in relation to the murder of Alan Johnson (count 4); murder in aid of racketeering (count 9) and murder with a firearm during a drug trafficking crime (count 10), both in relation to the murder of Rodriccos Williams; murder in aid of racketeering (count 29), conspiracy to murder a witness (count 30), and discharge of a firearm during a crime of violence (count 31), all in relation to the murder of Crystal Fyffe; murder in aid of racketeering (joined count 1) and murder with a firearm during a drug trafficking crime (joined count 2), both in relation to the murder of Marschell Brumfield. (R. 1, 2:15-cr-080 indictment, 1; R. 300, superseding indictment, 1212-13; R. 1478, judgment, 14761.) His sentence included eight life terms, six of which were to be served concurrently, and two of which were to be served consecutive to each other and the other six. (R. 1478, judgment, 14761.) The Sixth Circuit affirmed the judgment against Ledbetter in its entirety. *United States v. Ledbetter,* 929 F.3d 338, 344 (6th Cir. 2019). The Supreme Court denied *certiorari*. *Ledbetter v. United States*, 140 S. Ct. 509 (November 12, 2019) (mem.).

On November 2, 2020, Ledbetter filed a pro se motion pursuant to 28 U.S.C. § 2255. (R. 1681, motion under § 2255, 19759.) The United States responded in opposition. (R. 1707, United States response to motion under § 2255, 19894.) In March 2021, Ledbetter filed a short pro se "Supplement & Amendment" to his § 2255 motion, containing additional arguments regarding ineffective assistance of appellate counsel. (R. 1709, supplement, 19911.) He later filed a pro se "motion to dismiss a void judgment for lack of subject matter jurisdiction," arguing that his conviction on count 31 for discharge of a firearm during a crime of violence—for which he was ordered to serve a term of 120 months to be served consecutive to the terms for the other counts—should be vacated in light of *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019). (R. 1733, motion, 20034; *see* R. 1478, judgment, 14761.) The United States filed a response

agreeing that this conviction on count 31 should be vacated in light of *Davis* but otherwise continuing to oppose his motion under § 2255. (R. 1741, response, 20142-43.) In the fall of 2021, Ledbetter then filed the instant pro se motions. (R. 1742, motion, 20151, R. 1744, motion, 20171.) His motion under § 2255 remains pending.

## II. Argument

One of Ledbetter's current motions is styled as a motion to amend his most recent "motion to dismiss a void judgment for lack of subject matter jurisdiction." (R. 1742, motion, 20151.) Nonetheless, because the motion attacks his conviction, it is properly construed as seeking relief under § 2255. *See, e.g., In re Booker*, 797 F. App'x 959, 962-63 (6th Cir. 2020) ("[r]egardless of caption or style," prisoner's motion that "sought to advance substantive claims that collaterally attacked his sentence" raised "claims that must be raised in a § 2255 petition"); *United States v. Gastelum-Lara,* 478 F. App'x 303, 305 (6th Cir. 2012) (post-conviction "motion to dismiss the indictment" properly construed as § 2255 motion); *cf. United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) ("when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion").[2]

A motion to vacate (or, here, a motion to amend a motion to vacate) that is filed while an initial § 2255 motion is still pending (as is the case with R. 1742) should be construed as a motion to amend the pending § 2255 motion rather than a second or successive § 2255 motion.

---

[2] In some circumstances, district courts should provide a prisoner with notice and an opportunity to withdraw before construing his filing as a § 2255 motion. *See In re Shelton*, 295 F.3d 620 (6th Cir. 2002). The purpose of that notification, however, is to avoid prejudicing the prisoner by causing a later § 2255 motion to be treated as second or successive. *Id.* Because Ledbetter has already filed an initial § 2255 motion, such notification is unnecessary. *See In re Nailor*, 487 F.3d 1018, 1023 n.3 (6th Cir. 2007).

*See, e.g., In re Westbrook,* No. 18-6045, 2019 U.S. App. LEXIS 483 (6th Cir. January 7, 2019) (citing cases); *see also Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—i.e., before the petitioner has lost on the merits and exhausted her appellate remedies."). Because this Court has not yet ruled on Ledbetter's § 2255 motion, his R. 1742 motion to amend his "motion to dismiss a void judgment for lack of subject matter jurisdiction" should be construed as a motion to amend the § 2255 motion and resolved by this Court. The other motion addressed herein is expressly titled as a motion to amend his § 2255 motion (R. 1744, motion, 20171).

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Here, all of Ledbetter's proposed amendments would be futile, as the proposed claims are foreclosed on multiple grounds.

First, all proposed claims would be time-barred. An amendment to a motion under § 2255 is subject to the same one-year statute of limitations that governs motions under § 2255. *See* 28 U.S.C. § 2255(f). Although amendments made after the end of the one-year period can relate back to the original § 2255 motion if the claims in the original motion and amendment "arose out of the [same] conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B), "a party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations period has expired," *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016) (internal quotation marks omitted). Rather, an amendment will relate back only if it addresses the same "common core of operative facts" as the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). That is not so

here.

The one-year statute of limitations applicable to Ledbetter's § 2255 motion expired before he filed the instant motions. The statute of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. When the defendant files a direct appeal and then challenges the court of appeals' decision in the Supreme Court, the judgment of conviction becomes final when the Supreme Court denies the petition for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, then, the one-year statute of limitations expired on November 12, 2020. *See Ledbetter v. United States*, 140 S. Ct. 509 (November 12, 2019) (mem.) (denying cert). He filed the instant motions in the fall of 2021. (R. 1742, motion, 20151, R. 1744, motion, 20171.)

The relation-back doctrine cannot save Ledbetter's motions. In his most recent filings, he challenges the validity of all of his convictions under *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019) (R. 1742, motion, 20152; R. 1744, motion, 20173, 20196-20204), alleges that certain trial witnesses from the United States committed perjury (R. 1742, motion, 20159; R. 1744, motion, 20172-91), and adds an ineffective-assistance argument concerning advice from counsel regarding a possible guilty plea (R. 1744, motion, 20172, 20191-95). In Ledbetter's original motion under § 2255, filed in November 2020, he did not raise any *Davis* challenges, despite the fact that *Davis* had already been decided. (*See* R. 1681, motion under § 2255, 19759-19803.) He also did not raise any claims alleging perjury by trial witnesses. (*See id.*) Although Ledbetter's original motion under § 2255 advanced ineffective-assistance arguments, none of them concerned his attorney's plea-related advice. (*See* R. 1681, motion, 19784-89, 19798 (alleging ineffective assistance of trial counsel regarding photographs, Officer Eberts' cross-examination, and Earl Williams' cross-examination); *see also id.* at 19773-78 (alleging

-5-

ineffective assistance of appellate counsel regarding joinder and vagueness).) Although the United States affirmatively waived procedural defenses, including timeliness, in its response to Ledbetter's earlier *Davis* challenge to count 31 (*see* R. 1741, response, 20142-43), the United States does not waive such defenses here. Ledbetter cannot add new, untimely claims to his motion under § 2255, and his request to amend should thus be denied in its entirety.

Furthermore, even if Ledbetter's proposed new claims were not time barred, it would nonetheless be futile to allow Ledbetter to amend his § 2255 motion to add them, because they all otherwise fail in any event.

First, Ledbetter appears to be arguing that if this Court vacates count 31 in light of *Davis*, that change divests this Court of subject matter jurisdiction. (R. 1742, motion, 20152 (noting that he was amending his motion "[b]ased on the *Davis* decision which establishes, a Due Process violation, that stripped the Court of subject matter jurisdiction"). This argument is procedurally defaulted. Although *Davis* was decided before his direct appeal, he did not raise this issue; he did not even raise it in his earlier pro se motion that discussed *Davis*. In order to raise this claim now, after failing to raise it as part of his direct appeal, he would therefore have to show cause and prejudice for the default. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). But he has not attempted to do so, and indeed he cannot. *See also Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("It is well-established that a § 2255 motion is not a substitute for a direct appeal."). The argument also lacks merit. As the United States described in its response to Ledbetter's prior supplement, if this Court vacates one count of a multi-count conviction pursuant to § 2255, it "must proceed to grant one of four remedies 'as may appear appropriate': (1) 'discharge' the prisoner, (2) 'resentence' the prisoner, (3) 'grant a new trial,' or (4) 'correct' the sentence." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (quoting 28 U.S.C.

§ 2255(b)). Here, the "appropriate" remedy is to simply vacate count 31 and "correct" the sentence by vacating the corresponding consecutive 120-month sentence. (R. 1741, response, 20147.)

To the extent that he seeks to argue that his other counts of conviction should be vacated in light of *Davis*, these arguments are similarly procedurally defaulted, and also lack merit. (*See* R. 1742, motion, 20152; R. 1744, motion, 20196-20203.) Prior to *Davis*, a person could be convicted of using a firearm during "a crime of violence" if the underlying felony "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" *or* if the underlying felony "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In *Davis*, the Supreme Court held that the latter of these definitions, called the "residual clause," was unconstitutionally vague. *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019). In the United States' most recent response to Ledbetter's pro se filings, it agreed that the § 924(c) conviction on count 31 should be vacated under *Davis* because the specified underlying felony—conspiracy to murder a witness—only qualified as a crime of violence under the residual clause. But his remaining convictions are unaffected by *Davis*, because he has no other convictions for use of a firearm during a crime of violence. (R. 1, 2:15-cr-080 indictment, 1; R. 300, superseding indictment, 1212-13; R. 1478, judgment, 14761.) Contrary to Ledbetter's argument, the Supreme Court's decision in *Davis* invalidating the residual clause of § 924(c)(3)(B) in no way impacts the distinct offenses of RICO conspiracy under 18 U.S.C. § 1962(d), murder in aid of racketeering under 18 U.S.C. § 1959(a)(1), conspiracy to murder a witness under 18 U.S.C. § 1512(k), or possession of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c)(3)(A). (*See* R. 1742, motion, 20152; R. 1744,

motion, 20196-20203.)

To the extent that Ledbetter seeks to invalidate his conviction for RICO conspiracy by using *Apprendi v. New Jersey*, this argument is also both procedurally defaulted and without merit. (*See* R. 1744, motion, 20197-98.) Ledbetter argues that his life sentence for RICO conspiracy under count one is invalid because crimes that served as the basis for an enhanced sentence on that count, *see* 18 U.S.C. § 1963(a)—specifically, "Alan Johnson's murder, Rodriccos Williams' murder, Crystal Fyffe's murder, Joinder cts. 1 & 2 Marschell Brumfield's murder"—were not found by a jury. (*See* R. 1744, motion, 20197.) But his guilt for each of those crimes was in fact found by a jury. (*See* R. 1141, verdict form, 12718 (specifically finding Ledbetter responsible for the Johnson, Williams, and Fyffe murders regarding the conspiracy count), 12746, 12750 (finding Ledbetter guilty of Brumfield's murder); R. 1478, judgment, 14761.)

It would also be futile to allow Ledbetter to add new factual claims based exclusively on transcripts that are already part of the record, because these claims too are procedurally defaulted. Ledbetter seeks to add an argument that the United States knowingly supported its case with false testimony, both before the grand jury and during trial. (*See* R. 1742, motion, 20159; R. 1744, motion, 20172-91.) He frames the issue primarily in terms of due process and prosecutorial misconduct. (*See* R. 1742, motion, 20159; R. 1744, motion, 20172-91.) He also alleges in passing that the United States did not disclose the terms of a supposed agreement with a trial witness, in violation of *Giglio v. United States*, 405 U.S. 150 (1972); he cites her trial testimony for a description of the terms of the alleged agreement, but provides no detail or record citation in support of his conclusory allegation that the United States failed to disclose necessary information. (*See* R. 1744, motion, 20177.) For all of his witness-related claims, his only

-8-

citations are to transcripts already part of the record. (*See* R. 1742, motion, 20159; R. 1744, motion, 20172-91.) In order to raise these claims now, after failing to raise them at trial or as part of his direct appeal, he would therefore have to show cause and prejudice for the default, which he does not, and cannot, do.[3]

Ledbetter's proposed new ineffective-assistance claim is also futile (as well as time-barred). Although he alleges that his attorney failed to advise him that he "could have accepted the government's 30 year offer[] [a]nd requested a proffer session[] [i]n which I could [have] proferred about my involvement in any uncharged crimes" (R. 1744, motion, 20192), the existing record belies his claim that he did not know he could have accepted the alleged offer, and at the same time demonstrates that he was unwilling to accept such an offer in any event. (*See* R. 1557, transcript, 18135 (Ledbetter testifying at *Laffler* hearing, "Initially, when we were indicted, they said something like 30 years for everybody. Honestly, I never entertained any of that. I'm not willing to do anything like that.").) Ledbetter's vague new claims of ineffective assistance, unsupported by the record and advanced for the first time more than five years after the alleged advice was given, would not be grounds for amendment of his § 2255 even if they were timely—which they are not.[4]

---

[3] The United States also strongly contests Ledbetter's factual contentions as to these claims. It is not necessary for the Court to consider or resolve any factual issue, however, as the claims are both procedurally defaulted and time-barred.

[4] The United States again contests Ledbetter's factual contentions as to these claims, though it is not necessary for the Court to resolves factual issues, as the claims are both procedurally defaulted and time-barred.

### III. Conclusion

For the foregoing reasons, this Court should construe Ledbetter's present motions in R. 1742 and R. 1744 as motions to amend his § 2255 motion but deny the amendment. No evidentiary hearing on these motions is necessary.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/ Kimberly Robinson
KIMBERLY ROBINSON (0086042)

s/ Kevin W. Kelley
KEVIN W. KELLEY (0042406)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response by the United States was served this 10th day of February 2022, via United States Postal Service, on Robert Ledbetter, Inmate# 69484-061, FCI Florence, P.O. Box 6000, Florence, CO 81226.

s/ Kimberly Robinson
KIMBERLY ROBINSON (0086042)
Assistant United States Attorney
