# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,   :

                                Case Nos. 2:14-cr-127, 2:15-cr-80
                                Civil Case Nos. 2:20-cv-5733, 2:21-cv-1120

                                Chief Judge Algenon L. Marbley
                                Magistrate Judge Michael R. Merz

       - vs -

ROBERT D. LEDBETTER,

        Defendant.   :

## DECISION AND ORDER ON MOTIONS TO AMEND

      This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Motions to Dismiss a Void Judgment for Lack of Subject Matter Jurisdiction and to Supplement/Amend § 2255 Motion (ECF Nos. 1733 & 1744 in Case No. 2:14-cr-127). The United States opposes the Motions (ECF No. 1741 in Case No. 2:14-cr-127 and ECF No. 105 in Case No. 2:15-cr-80) and Ledbetter has filed a Reply in support (ECF No. 1763 in Case No. 2:14-cr-127).

      The case is also before the Court on Ledbetter's Motion to Supplement and Amend § 2255 Motion to add a claim of ineffective assistance of appellate counsel for failure to raise claim under *Batson v. Kentucky*, 476 U.S. 79 (1986)(ECF No. 1709 in Case No. 2:14-cr-127), filed February 25, 2021.

1

**Litigation History**

Ledbetter filed his initial Motion to Vacate on November 2, 2020 (ECF No. 1681 in Case No. 2:14-cr-127)[1]. The United States Supreme Court had denied certiorari in this case on November 12, 2019 (Notice, ECF No. 1758 in Case No. 2:14-cr-127), so Defendant's initial filing appears to have been within the one-year statute of limitations for § 2255 motions. On December 3, 2020, Ledbetter waived his attorney-client communication privilege as to communications relevant to his claims in his Motion to Vacate (Waiver, ECF No. 1694 in Case No. 2:14-cr-127).

**Motions to Amend**

Under Rule 12 of the Rules Governing § 2255 Proceedings, the Federal Rules of Civil Procedure are to be applied to § 2255 proceedings except when inconsistent with those Rules or any governing statute. Fed.R.Civ.P. 15 is ordinarily applied to motions to amend habeas corpus pleadings. Under Fed.R.Civ.P. 15 a party may amend a pleading as a matter of course within twenty-one days of serving it. Otherwise an amendment requires leave of court. Fed.R.Civ.P. 15(a)(2). Because Ledbetter's proposed amendments were submitted well after November 23, 2020, the twenty-first days after the § 2255 Motion was filed, they require court permission.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an

---

[1] The Motion as filed was not verified as required by Rule 2(c) of the Rules Governing § 2255 Proceedings. By separate order, the Magistrate Judge has ordered Ledbetter to correct that omission.

> opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by

itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*. Denial of a motion for leave to amend the complaint generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed *de novo. Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

As calculated above, the statute of limitations deadline for Ledbetter's § 2255 motion was November 12, 2020, the anniversary of denial of his petition for writ of certiorari. Because all of his motions to amend were filed after November 12, 2020, they are barred by the statute of limitations unless they "relate back" under Fed.R.Civ.P. 15(c).

In the Motion to Amend docketed at ECF No. 1709, Ledbetter seeks to add a claim of ineffective assistance of appellate counsel against Timothy McKenna for not raising a *Batson*[2] claim. Although Ledbetter makes a number of claims of ineffective assistance of appellate counsel in his § 2255 Motion, none of them are conceptually related to jury composition. (See, e.g., Motion, ECF No. 1681, PageID 197744 (failure to raise a defective indictment and/or variance issue), PageID 19775 (failure to argue the RICO statute is void for vagueness).

---

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986), prohibits race-based peremptory challenges by a prosecutor.

4

The fact that two claims are both made under the Sixth Amendment's guarantee of the effective assistance of counsel does not make them related for Fed.R.Civ.P. 15(d) purposes. There are undoubtedly hundreds of ways which, in hindsight, an appellate attorney can be accused of ineffective assistance of appellate counsel. If all such claims were deemed to be related merely because they arise under the Sixth Amendment, virtually any amendment adding a claim of ineffective assistance of appellate counsel would relate back and the exception would swallow the rule.

Ledbetter's claim of ineffective assistance of appellate counsel attempted to be raised by ECF No. 1709 is barred by the statute of limitations and would not relate back to the date of filing the original § 2255 motion. Accordingly, ECF No. 1709 is DENIED.

**Motion to Vacate a Void Judgement**

In his Motion to Vacate a Void Judgement for Lack of Subject Matter Jurisdiction (ECF No. 1733), Ledbetter argues he was charged and convicted under a void statute, 18 U.S.C. § 924(c)(3)(B). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court decided 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause) is unconstitutionally vague. The Sixth Circuit Court of Appeals had previously reached the same conclusion in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). *Davis* is retroactively applicable to cases pending on collateral review. *In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020).

However, Ledbetter cites no authority for the proposition that the discovery of a colorable claim of lack of jurisdiction reopens the limitations period for a § 2255 motion. In fact, he cites authority to the contrary. In *United States v. Scruggs*, 691 F.3d 660 (5th Cir. 2012), the court

squarely held "[j]urisdictional claims are subject to the one-year limitations period for § 2255 claims." 691 F.3d at 667. In *United States v. Williams*, 383 Fed. Appx. 927 (11th Cir. 2010), the Eleventh Circuit held "[t]he one-year limit applies even though Williams' new claim is an attack on the district court's jurisdiction" *Id.* at 929, noting the standard for relation back from *Mayle v. Felix*, 545 U.S. 644 (2005). Finally, in *Barreto-Barreto v. United States,* 551 F.3d 95 (1st Cir. 2008), the First Circuit expressly held that the one-year statute applied to jurisdictional claims and noted that the petitioners had failed to cite a single case to the contrary. *Id.* at 100

This claim was certainly available to Ledbetter when he filed in November 2020, but he did not make it then. Nor does it relate back to any of the claims he made in the original Motion. Moreover, the claim is procedurally defaulted because, given when *Taylor* was decided in 2016, the claim was available when this case was pending in this Court and certainly when it was available on appeal to the Sixth Circuit.

Because the claim does not relate back and because it is futile because barred by procedural default, the Motion to Vacate a Void Judgement, considered as a motion to amend the § 2255 Motion to add that claim,[3] is DENIED.

**Motion to Supplement/Amend**

In his Motion to Supplement/Amend (ECF No. 1744 in Case No. 2:14-cr-127), Ledbetter seeks to add claims that (1) this Court exceeded its judicial authority when it imposed a sentence based on perjured testimony, (2) he received ineffective assistance of trial counsel when his counsel failed to "communicate and render effective guidance on the Government's first plea

---

[3] Federal criminal practice does not provide for a free-standing post-judgment motion to dismiss. Such an objection must be raised in a § 2255 motion to vacate.

offer," and (3) the sentence violates the Due Process Clause because "a charged conspiracy cannot serve as the predicate for a crime of violence."

These proposed new claims are also barred by the statute of limitations: they would be futile because they do not relate back to the claims made in the original § 2255 Motion.

In his Reply in support, Ledbetter reminds us that the pleadings of *pro se* litigants are to be liberally construed (ECF No. 1763, PageID 20343, citing *Haines v. Kerner*, 404 U.S. 519 (1972), and *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The one-year statute of limitations is just such an easily understood deadline, but here imposed by Congress. Ledbetter appears to have been well aware of that deadline because he met it with his original Motion, but was within three weeks of the cut-off.

**Conclusion**

Ledbetter fails to show that any of his claims sought to be added by amendment or supplement has a common core of operative fact with any of the claims pleaded in the original motion. The Motions all fail the test adopted in *Mayle* and thus all the proposed new claims are barred by the statute of limitations. Ledbetter's Motions to Amend (ECF Nos. 1709, 1733, and 1744) are therefore DENIED.

March 14, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
