# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

                    Plaintiff,      :

                                          Case Nos. 2:14-cr-127, 2:15-cr-80
                                          Civil Case Nos. 2:20-cv-5733, 2:21-cv-1120

                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Michael R. Merz

          - vs  -

ROBERT D. LEDBETTER,

                    Defendant.    :

---

## REPORT AND RECOMMENDATION

---

This *pro se* proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's "Motion for Order Vacating All Action/Orders Issued in Movant's [§] 2255 Petition for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. [§] 2242, 1746, and Habeas Rule 2(c) of Rules Governing 28 U.S.C. 2255(b)(5)." Although this Motion is separately captioned, it is filed as part of ECF No. 1772 (PageID 20394-98). Once the principal relief of vacating all prior orders is granted, Defendant asks the Court to allow him to supplement or amend his original § 2255 Motion to Vacate to include all motions previously filed in the case.

Defendant's original Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1681) was not signed by Defendant when filed (See PageID 19803). The case was initially referred to Magistrate Judge Elizabeth Preston Deavers, but transferred to the undersigned on January 12, 2022 (ECF

No. 101 in Consolidated Case No. 2:15-cr-080).  In the course of reviewing Ledbetter's pending motions, the undersigned noted that the original Motion to Vacate had not been signed as required by the Rules Governing § 2255 Proceedings and ordered that Ledbetter sign the required Declaration under Penalty of Perjury (ECF No. 1764).  Ledbetter eventually complied, but added the referenced motion related to subject matter jurisdiction (ECF No. 1772).

To support his jurisdictional claim Ledbetter relies on *Whitmore v. Arkansas,* 495 U.S. 149 (1990); *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998); *United States v. Smith*, 2018 U.S. Dist. LEXIS 144027 (E.D. Ky. Aug. 23, 2018), aff'd., 2019 U.S. App. LEXIS 29481 (6th Cir. Sept. 30, 2019); and *Young v. United States*, 2013 U.S. Dist. LEXIS 124255 (E.D. Tenn. Aug. 30, 2013).

The United States opposes the Motion.  It notes that *Smith* merely upholds the authority of a District Court to dismiss an unverified and unsigned § 2255 motion and does not discuss subject matter jurisdiction.  *Whitmore* is also not on point.  There the Supreme Court dismissed for lack of jurisdiction an attempt to halt an execution by a fellow inmate purporting to be a next friend by finding that person lacked next friend standing.  In *Francis* the Sixth Circuit vacated a stay of execution this Court entered because the petitioner, suing as next friend, did not have standing. Standing, of course, is a requirement of Article III of the Constitution, but standing is not gained or lost by not signing the initial pleading.

In *Benner v. Coyle*, 1999 U.S. App. LEXIS 38840 (6th Cir. Nov. 1, 1999), petitioner tried to turn his failing to sign his habeas corpus petition under 28 U.S.C. § 2254[1] to his own benefit by claiming that the District Court's judgment had been entered without jurisdiction because he had not signed.  The Sixth Circuit rejected that argument, noting that although the signature was mandatory, the Rules did not make it jurisdictional.

---

[1] The signature requirements under the Habeas Rules are the same as under the § 2255 Rules

Ledbetter is in the same position as Benner:  He seeks to turn his own admitted failure to abide by the Rules into an opportunity to do over his various motions to amend.  If in fact the signature requirement were jurisdictional, we would have no choice:  acts done without jurisdiction are null and void.  Of course, Ledbetter would be forced to make the argument that filing an unsigned motion to vacate tolls the statute of limitations, because otherwise he would have missed the statute date.  But we are not faced with those questions because the signature requirement is not jurisdictional.

Ledbetter's Motion should be denied.

May 19, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #