# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,   :

                              Case Nos. 2:14-cr-127, 2:15-cr-80
                              Civil Case Nos. 2:20-cv-5733, 2:21-cv-1120

                              Chief Judge Algenon L. Marbley
                              Magistrate Judge Michael R. Merz

    - vs -

ROBERT D. LEDBETTER,

        Defendant.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This *pro se* proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's "Motion for Order Vacating All Action/Orders Issued in Movant's [§] 2255 Petition for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. [§] 2242, 1746, and Habeas Rule 2(c) of Rules Governing 28 U.S.C. 2255(b)(5)." Although this Motion is separately captioned, it is filed as part of ECF No. 1772 (PageID 20394-98). Once the principal relief of vacating all prior orders is granted, Defendant asks the Court to allow him to supplement or amend his original § 2255 Motion to Vacate to include all motions previously filed in the case.

The undersigned treated the Motion as dispositive under 28 U.S.C. § 636(b) and filed a Report and Recommendation that it be denied (the "Report," ECF No. 1778). Ledbetter objected (ECF No. 1781) and Chief Judge Algenon L. Marbley has recommitted the matter for

reconsideration by the undersigned in light of the Objections (ECF No. 1782). The United States has not responded to the Objections and its time for doing to under Fed.R.Civ.P. 72 has expired. Thus the matter is ripe for decision.

Defendant's original Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1681) was not signed by Defendant when filed (See PageID 19803). Upon review of the case after the Magistrate Judge reference was transferred, the undersigned noticed that fact and ordered that Ledbetter sign the required Declaration under Penalty of Perjury (ECF No. 1764). Ledbetter eventually complied, but added the referenced motion related to subject matter jurisdiction (ECF No. 1772).

To support his jurisdictional claim Ledbetter relied on *Whitmore v. Arkansas,* 495 U.S. 149 (1990); *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998); *United States v. Smith*, 2018 U.S. Dist. LEXIS 144027 (E.D. Ky. Aug. 23, 2018), aff'd., 2019 U.S. App. LEXIS 29481 (6th Cir. Sept. 30, 2019); and *Young v. United States*, 2013 U.S. Dist. LEXIS 124255 (E.D. Tenn. Aug. 30, 2013). The Report found all of these cases inapposite, but relied on *Benner v. Coyle*, 1999 U.S. App. LEXIS 38840 (6th Cir. Nov. 1, 1999). There, petitioner tried to turn his failing to sign his habeas corpus petition under 28 U.S.C. § 2254[1] to his own benefit by claiming that the District Court's judgment of dismissal had been entered without jurisdiction because he had not signed. The Sixth Circuit rejected that argument, noting that although the signature was mandatory, the Rules did not make it jurisdictional. The Report concluded:

> Ledbetter is in the same position as Benner: He seeks to turn his own admitted failure to abide by the Rules into an opportunity to do over his various motions to amend. If in fact the signature requirement were jurisdictional, we would have no choice: acts done without jurisdiction are null and void. Of course, Ledbetter would be forced to make the argument that filing an unsigned motion to vacate tolls the statute of limitations, because otherwise

---

[1] The signature requirements under the Habeas Rules are the same as under the § 2255 Rules.

> he would have missed the statute date. But we are not faced with those questions because the signature requirement is not jurisdictional.

(Report, ECF No. 1778, PageID 20421). The Report recommended denial of Ledbetter's Motion as without merit.

Ignoring *Benner*, which is directly in point, Ledbetter objects: "The Magistrate cites no authority in support of his opinion." (Objections, ECF No. 1781, PageID 20434). But here are the words from *Benner* in black and white: "Habeas Rule 2(c) clearly requires the petitioner to sign the petition; however, Rule 2(c) does not explicitly provide that a signature is jurisdictional." 1999 U.S.App. LEXIS 38840 at *1. Ledbetter says this is not a conclusive ruling. (Objections, ECF No. 1781, PageID 20434). True. It could be overruled by a published opinion or an *en banc* decision. But in the twenty plus years since it was handed down, it has not been contradicted by the circuit court.

Never mind, says Ledbetter. Even assuming Magistrate Judge Merz is correct, the point is moot because 28 U.S.C. § 1746, which governs Rule 2, is jurisdictional in nature because it governs those situations "where a matter must be supported by sworn declaration." *Id.* at PageID 20434. Ledbetter relies first on *United States v. Gomez-Vigil*, 929 F.2d 254 (6th Cir. 1999). There the defendant was convicted of making false unsworn declarations under penalty of perjury (i.e. under 28 U.S.C. § 1746) in support of a motion for new trial. The Sixth Circuit held defendant's false statements were material not because they were required to confer jurisdiction, but because they were intended to influence the outcome of the proceeding in which they were filed. There is no comment in *Gomez-Vigil* on a signature being required to confer jurisdiction.

Ledbetter also relies on *United States v. Ceballos-Martinez*, 371 F. 3d 713 (10th Cir. 2004). There the Tenth Circuit held it did not have subject matter jurisdiction over an appeal where the

3

timeliness of the appeal, dependent on the so-called prison mailbox rule, was not proven by a declaration of sworn statement in compliance with the Court's procedure for invoking the mailbox rule. It is well established that jurisdiction over an appeal is dependent on timely filing of a notice of appeal. *Bowles v. Russell*, 551 U.S. 205 (2007).

The Report pointed out that if the original § 2255 Motion were null and void because it did not confer jurisdiction, Ledbetter would have to deal with the statute of limitations issues that would raised. He has not done so.

**Conclusion**

Having reviewed the Defendant's Motion (ECF No. 1772) in light of his Objections, the Magistrate Judge again recommends it be denied.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

August 3, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge