# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,  :

                             Case Nos. 2:14-cr-127, 2:15-cr-80
                             Civil Case Nos. 2:20-cv-5733, 2:21-cv-1120

                             Chief Judge[1] Algenon L. Marbley
                             Magistrate Judge Michael R. Merz

      - vs -

ROBERT D. LEDBETTER,

        Defendant.  :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON SUBJECT MATTER JURISDICTION; SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS

This *pro se* proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's combined Objections (ECF No. 1804) to the Magistrate Judge's Supplemental Report and Recommendations on the required signature on § 2255 petitions ("Supp. Report," ECF No. 1795) and the Report and Recommendations on the merits ("Report," ECF No. 1796). Chief Judge Marbley has recommitted both reports for reconsideration in light of the Objections (ECF No. 1809).

---

[1] Algenon L. Marbley currently serves this Court as its Chief Judge. He is referred to throughout this Report as "Judge," the title he bore during the trial.

1

**The Signature Requirement is Not Jurisdictional**

When the Magistrate Judge reference in this case was transferred to the undersigned, he noticed that the original § 2255 Motion was not signed as required by Rules 2 of the Rules Governing § 2255 Motions (ECF No. 1681) and ordered that Ledbetter sign it (ECF No. 1764). He eventually did so, but added a motion to vacate all the orders entered before he did so, asserting the signature requirement was jurisdictional and the Court therefore had no jurisdiction to enter those orders (Motion, ECF No. 1772).  The undersigned recommended that Motion be denied (ECF No. 1778), Ledbetter has objected (ECF No. 1781), and Chief Judge Marbley has again recommitted the matter (ECF No. 1782).

In recommending rejection of Ledbetter's position, the Magistrate Judge relied on *Benner v. Coyle*, 1999 U.S. App. LEXIS 38840 (6th Cir. Nov. 1, 1999). Benner also had not signed his petition and claimed on that basis that the District Court was without subject matter jurisdiction to dismiss it. The Sixth Circuit rejected that argument, noting that although the signature was mandatory, the Rules did not make it jurisdictional.  The Magistrate Judge recommended this Court follow *Benner* (Report, ECF No. 1778, PageID 20420).

Ledbetter's Objections ignore *Benner* and in fact assert "The Magistrate cites no authority in support of his opinion."  (Objections, ECF No. 1781, PageID 20434).  In the alternative, even if Rule 2 of the Rules Governing § 2255 Cases is not jurisdictional, Ledbetter argues, 28 U.S.C. § 1746, "the statute which governs Rule 2 . . . is jurisdictional in nature." *Id.* In a Supplemental Report and Recommendations the Magistrate Judge distinguished the authority on which Ledbetter relied for the proposition that 28 U.S.C. § 1746 governed Rule 2

(ECF No. 1795). Ledbetter has objected to this Report (ECF No. 1804) and Chief Judge Marbley has recommitted the matter (ECF No. 1809). This Report will take Ledbetter's most recent Objections in their logical order, rather than in the order in which they are presented.

**Objection One: The Magistrate Judge does not have authority to act in this case**

Ledbetter claims the Magistrate Judge has no jurisdiction to act at all in this case, but cites no authority in support (ECF No. 1804, PageID 20621). Rule 10 of the Rules Governing § 2255 Proceedings expressly provides "A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636." 28 U.S.C. § 636(b)(1)(B) expressly authorizes district judges to designate a Magistrate Judge to propose findings of facts and recommend disposition of "applications for posttrial relief made by individuals convicted of criminal offenses . . . ."

**Objection Two: There is no time limit on raising the defense of lack of subject matter jurisdiction**

Orders entered by judges who lack subject matter jurisdiction are null and void. "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., NA. v. Kuchta*, 141 Ohio St.3d 75, 2014-0hio-4275, ¶19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). A court that acts without subject matter jurisdiction "renders that court's judgment void *ab initio*." *Id*. at ¶17. Thus far the Magistrate Judge and Defendant agree.

The critical question is how lack of subject matter jurisdiction must be raised. Ledbetter asserts, without citation of any authority, that the issue can be raised "at any time and within any proceeding" and a claim of lack of subject matter jurisdiction tolls the statute of limitations under

3

the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(PageID 20620).  Ledbetter again cites no authority for either of these propositions and the text of the AEDPA does not support this claim.  For example, it does not except from the one-year time limit claims that the underlying statute is unconstitutional.  It does not extend the scope of habeas corpus under 28 U.S.C. § 2254[2] to apply to federal convictions where the subject matter jurisdiction of the trial court is challenged.  In general, tolling does not start the limitations period over, but holds it in place until the tolling is concluded.

**Objection Three:  The statute under which Ledbetter was convicted is void for vagueness under *United States v. Davis*.**

Ledbetter claims that the statute under which he was convicted was declared void for vagueness by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019).  In that case the Supreme Court held that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") was unconstitutionally vague.  Shortly thereafter, the Sixth Circuit held *Davis* applied retroactively:

> The Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 194 L. Ed. 2d 387 (2016), establishes the retroactivity of *Davis*. *Welch* explained that decisions announce a substantive rule and are thus retroactive when they "alter[] the range of conduct . . . that the law punishes." *Id*. That occurred in *Johnson v. United States*, [576 U.S. 591] 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), because it "changed the substantive reach of the Armed Career Criminal Act." *Welch*, 136 S. Ct. at 1265; see id. at 1264 ("[N]ew substantive rules generally apply retroactively." (quoting *Schriro v. Summerlin,* 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004))). So too in *Davis*, where the Court

---

[2] Before the 1948 recodification of Title 28, federal prisoners could invoke habeas corpus.  The statute was changed to create the §2255 remedy at that time.

4

> narrowed § 924(c)(3) by concluding that its second clause was unconstitutional. 139 S. Ct. at 2336.

*In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020).

Judgment in this case was entered March 24, 2017 (ECF No. 1478). Among the counts of conviction was Count 31 under 18 U.S.C.§924(c)(A)(iii) and 18 U.S.C.§2: Use of a firearm during and in relation to a crime of violence. By the time it reached the Sixth Circuit, that court had already held that *Davis* precluded conviction under § 924(c) for conspiracy to commit Hobbs Act robbery and on that basis vacated the convictions of co-defendants Harris and Robinson. *United States v. Ledbetter*, 929 F.3d 338 at 361 (6th Cir. Jul. 3, 2019). But Ledbetter's 924(c) conviction was appealed in the same proceeding that produced that result and he made no claim under *Davis*. Thus when Ledbetter sought to amend to add his subject matter jurisdiction claim, the amendment was denied as futile because beyond the statute of limitations and not relating back to a claim in the original Motion to Vacate (Decision and Order on Motions to Amend, ECF No. 1766). The Magistrate Judge also cited circuit authority for the proposition that the statute of limitations applies to subject matter jurisdiction claims. *Id.*

**The Motion to Vacate is Without Merit**

In his original Motion to Vacate, Ledbetter pleads the following eight claims for relief:

**Claim One:** Prejudicial Joinder

**Claim Two:** The RICO Statute is void for Vagueness

**Claim Three:** Insufficient Evidence to Convict on the Elements of "Enterprise" and "Pattern of racketeering activity."

**Claim Four:** Ineffective Assistance of Trial Counsel in that
1. Counsel failed to object to the introduction of impermissible

prejudice evidence;

2. Counsel badgered a police witness so bad that he lost credibility to the jury;

3. Counsel reopened the proverbial door during cross-examination on damaging testimony from a cooperating witness, after the court had previously stricken it and issued a curative instruction.

**Claim Five:** The Trial Court Abused its Discretion in Denying a Mistrial.

**Claim Six:** Multiple Sentences in Violation of the Double Jeopardy Clause

**Claim Seven:** Ineffective Assistance of Trial counsel and Ineffective Assistance of Appellate Counsel for Not Challenging the Indictment as Multiplicitious [sic].

**Claim Eight:** Ineffective Assistance of Trial Counsel for Failure to Challenge Obviously Deficient Reasonable Doubt Instructions

(Motion to Vacate, ECF No. 1681). The Report and Recommendation on the merits recommended that each of these claims be dismissed (ECF No. 1796). Ledbetter has objected (ECF No. 1804), but his sole objection is the Court's lack of subject jurisdiction, a position which is addressed *supra*.

**Conclusion**

Ledbetter's instant Objections are without merit and should be overruled. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit

that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 **NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

October 11, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge